[No. 86532-9.   En Banc.]
Considered March 29, 2012.     Decided April 5, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL EDWARD CATON, *Petitioner*.

240

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, PLLC*), for petitioner.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for respondent.

¶1 PER CURIAM — The Lewis County Superior Court found Michael Caton guilty of failure to report as a sex offender under former RCW 9A.44.130 (2008). Caton appealed, arguing among other things that the evidence did not support his conviction. The Court of Appeals affirmed the conviction. *State v. Caton*, 163 Wn. App. 659, 260 P.3d 946 (2011). Caton filed a petition for review. Because the evidence was insufficient, we grant the petition and reverse the conviction.

¶2 On May 19, 2009, Caton registered as a sex offender with the Lewis County Sheriff's Office. Upon registering, he signed a notification form acknowledging his understanding (1) that he was required to report to the sheriff's office every 90 days; (2) that his reporting date was June 16, 2009, between 8 a.m. and 5 p.m.; and (3) that failure to report on that date was a felony offense. Lewis County Sheriff's Detective Bradford Borden provided Caton with a copy of the notification form. The June 16 reporting date was one of four quarterly reporting dates specified by the sheriff's office for all sex offenders in the county.

¶3 On June 9, 2009, Caton was arrested for a driving offense. On June 10, after he was released from jail, he appeared at the sheriff's office, believing that as a registered sex offender he was required to report to the sheriff

after his release from confinement for any offense. But Detective Borden did not give Caton a new reporting date, leaving June 16 as the next reporting date.

¶4 Caton failed to report on June 16 and instead reported on June 17. The State charged him with failure to register as a sex offender for failing to report in person "on the required day for the 90 day reporting" period. Clerk's Papers (CP) at 1; *see* former RCW 9A.44.130(7) (2008); former RCW 9A.44.130(11)(a) (2008). At a bench trial, the superior court found Caton guilty and sentenced him to 50 months in prison. As indicated, the Court of Appeals affirmed.

¶5 In a challenge to the sufficiency of the evidence, the court views the evidence in the light most favorable to the State, deciding whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. McKague*, 172 Wn.2d 802, 805, 262 P.3d 1225 (2011). A claim of insufficient evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

¶6 At issue, is the interpretation of former RCW 9A.44-.130(7), which provided in part:

All offenders who are required to register pursuant to this section who have a fixed residence and who are designated as a risk level II or III must report, in person, every ninety days to the sheriff of the county where he or she is registered. Reporting shall be on a day specified by the county sheriff's office, and shall occur during normal business hours. An offender who complies with the ninety-day reporting requirement with no violations for a period of at least five years in the community may petition the superior court to be relieved of the duty to report every ninety days . . . . Failure to report, as specified,

constitutes a violation of this section and is punishable as provided in subsection (11) of this section.[1]

¶7 The information charged Caton with violating the statute by "knowingly and unlawfully . . . failing to report in person to the Lewis County Sheriff's office on the required day for the 90 day reporting requirement." CP at 1. The superior court found that Caton failed to report on the date specified by the sheriff and thus determined that he was guilty of violating former RCW 9A.44.130(7) as charged.

■■ ¶8 But former RCW 9A.44.130(7) did not clearly make it a criminal offense to fail to report on the date specified by the sheriff. The statute at the outset required offenders only to "report, in person, every ninety days to the sheriff of the county where he or she is registered." Although the second sentence stated that "[r]eporting shall be on a day specified by the county sheriff's office," the statute went on to state that an offender who complied "with the ninety-day reporting requirement with no violations for a period of at least five years in the community may petition the superior court to be relieved of the duty to report every ninety days." Former 9A.44.130(7). The gravamen of the offense is failure to report every 90 days, not failure to report on a specific date. To the extent the statute can be read as making it an offense to not report on the sheriff's specified date, even if the offender reports within the 90-day period, it is ambiguous. It is further ambiguous as to the event triggering the 90-day reporting period. *Kintz*, 169 Wn.2d at 562 (statute is ambiguous if it remains subject to multiple interpretations after analyzing its plain language). In this circumstance, the rule of lenity requires the statute to be construed in favor of the defendant, absent clear legislative intent to the contrary. *Id.*

¶9 Interpreting the statute in this manner, the State did not prove that Caton failed to report within 90 days of the

---

[1] The reporting requirement has since been eliminated. *See* LAWS OF 2010, ch. 265, § 1.

date of his registration. He reported on June 10, 2009, and again on June 17, 2009, both dates well within 90 days of registration on May 19, 2009.

¶10  We reverse Caton's conviction.[2]

---

[2] Because we resolve this case on the basis of insufficiency of evidence, we do not address Caton's constitutional claims.