# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | No. 68120-6-I |
| v. | ) | UNPUBLISHED OPINION |
| DONNIE WAYNE DURRETT, | ) | |
| Appellant. | ) | FILED: March 11, 2013 |

DWYER, J. — Donnie Durrett appeals from his conviction of failure to register as a sex offender. On appeal, he contends that both the information charging him with the offense and the "to convict" instruction given to the jury are constitutionally deficient because they do not include as an essential element of the offense the statutory requirement that a person lacking a fixed residence report weekly to the county sheriff. However, the sex offender registration statute creates only one punishable offense—failure to register in compliance with the requirements set forth in that statute. The particular registration requirements, which are based upon the offender's residential status and other circumstances, do not constitute essential elements of that offense. Accordingly, we affirm Durrett's conviction.

I

Durrett, having been previously convicted of a felony sex offense, is

statutorily required to register as a sex offender. In October 2009, Durrett was registered in King County as lacking a fixed residence, and, thus, he was required to appear and sign in weekly at the King County Sheriff's Office in order to maintain compliance with statutory registration requirements. See former RCW 9A.44.130(6)(b) (2006). Failure to comply with such registration requirements was punishable as a class C felony. Former RCW 9A.44.130(11)(a) (2006).

Durrett reported to the sheriff's office on October 30, 2009. Thereafter, however, he failed to report for 13 weeks.

On October 24, 2011, the State charged Durrett by amended information with failure to register as a sex offender. The State alleged that, during a time intervening between November 2, 2009 and January 29, 2010, Durrett, having previously been convicted of rape in the first degree, was required to register as a sex offender and, contrary to RCW 9A.44.130(11)(a), knowingly failed to comply with the requirements of RCW 9A.44.130. A jury found Durrett guilty as charged of failure to register as a sex offender.

Durrett appeals.

II

Durrett contends, for the first time on appeal, that the information is constitutionally inadequate because it does not allege as an essential element of the offense that he was required to report weekly to the county sheriff's office. Because that statutory requirement is not an essential element of the offense of failure to register as a sex offender, his contention is unavailing.

- 2 -

A charging document is constitutionally adequate if it sets forth the essential elements of the charged offense. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."); WASH. CONST. art. I, § 22 (amend. 10) ("In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him . . . ."); State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). "The purpose of this 'essential elements' rule is to give notice of the nature and cause of an accusation against the accused so that a defense can be prepared." State v. Campbell, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). The charging document need not use the exact words of the statute. Kjorsvik, 117 Wn.2d at 108. Rather, "the question . . . is whether all the words used would reasonably apprise an accused of the elements of the crime charged." Kjorsvik, 117 Wn.2d at 109.

"A challenge to the sufficiency of a charging document is of constitutional magnitude and may be raised for the first time on appeal." Campbell, 125 Wn.2d at 801. However, where no challenge is raised in the trial court, we liberally construe the charging document in favor of validity on appeal. Kjorsvik, 117 Wn.2d at 105. In liberally construing the charging document, we ask whether the elements of the offense "appear in any form, or by fair construction can . . . be found, in the charging document." Kjorsvik, 117 Wn.2d at 105. Where the essential elements are present in the charging document, we then determine whether the defendant was nevertheless "actually prejudiced by the inartful language which caused a lack of notice." Kjorsvik, 117 Wn.2d at 106.

The State charged Durrett with failure to register as a sex offender, alleging in the information:

> That the defendant, DONNIE WAYNE DURRETT, in King County, Washington, during a time intervening between November 2, 2009 through January 29, 2010, having been convicted of a sex offense that would be classified as a felony under the laws of Washington, to-wit: Rape in the First Degree, for which he was required to register under RCW 9A.44.130, did knowingly fail to comply with the requirements of RCW 9A.44.130;
>
> Contrary to RCW 9A.44.130(11)(a) and against the peace and dignity of the State of Washington.

A person commits the crime of failure to register as a sex offender if he or she "knowingly fails to comply with any of the requirements" of the sex offender registration statute. Former RCW 9A.44.130(11)(a) (2006).[1] The applicable statute provided that any individual who "has been convicted of any sex offense . . . shall register with the county sheriff for the county of the person's residence." Former RCW 9A.44.130(1)(a) (2006). The statute then set forth various registration requirements, including deadlines for registration based upon the sex offender's residential status and other circumstances. Former RCW 9A.44.130(4)(a)(i)-(ix) (2006). Relevant here, the statute required that a sex offender "who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered." Former RCW 9A.44.130(6)(b) (2006).

Durrett contends that the registration requirement set forth in former RCW

---

[1] The current statute similarly provides that "[a] person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." RCW 9A.44.132(1).

-4-

9A.44.130(6)(b)—that a sex offender lacking a fixed residence report weekly with the county sheriff—constitutes an essential element of the offense of failure to register as a sex offender. Thus, he asserts, the information charging him with that offense was constitutionally deficient because it did not allege that he failed to comply with that particular registration requirement.

We have previously addressed whether the various deadlines and procedures for registration set forth in the sex offender registration statute constitute essential elements of the offense of failure to register as a sex offender. State v. Bennett, 154 Wn. App. 202, 224 P.3d 849 (2010); State v. Peterson, 145 Wn. App. 672, 186 P.3d 1179 (2008), aff'd, 168 Wn.2d 763, 230 P.3d 588 (2010). In Peterson, the defendant contended that the information charging him with failure to register as a sex offender was constitutionally inadequate because it did not allege the registration deadline with which he was required to comply. 145 Wn. App. at 676-78.[2] The statute provided various deadlines for registration where an offender changed his or her address based upon the offender's residential status thereafter. Peterson, 145 Wn. App. at 676. As relevant there, it "require[d] reregistration within 48 hours if the offender [was] homeless, 72 hours if the offender ha[d] a new fixed address, or 10 days if the offender had moved to an address outside the county." Peterson, 145 Wn. App.

---

[2] There, we reversed Peterson's conviction, determining that the information was constitutionally inadequate because it did not include the essential element that the crime was committed "knowingly." Peterson, 145 Wn. App. at 675. However, because we concluded that the issue was likely to be raised again if the case were retried, we addressed Peterson's contention that the statutory deadlines and procedures for registration are also essential elements of the offense. Peterson, 145 Wn. App. at 675-76.

at 674. The State could not determine Peterson's whereabouts after he moved from his previous address; thus, the information charging Peterson with failure to register as a sex offender did not include the statutory deadline for registration. Peterson, 145 Wn. App. at 674-75.

We rejected Peterson's contention that the various deadlines for registration based upon residential status constituted essential elements of the offense of failure to register as a sex offender. Peterson, 145 Wn. App. at 677-78. We noted that the sex offender registration statute, in RCW 9A.44.130(11)(a), established only one punishable offense. Peterson, 145 Wn. App. at 677-78. Moreover, we determined that "[t]he statute impose[d] one duty: to register with the sheriff." Peterson, 145 Wn. App. at 677 (citing RCW 9A.44.130). Thus, we concluded that the definition of and procedures for registration, set forth in the remaining subsections of the statute, "merely articulate the definition of continuing compliance. They do not define the elements or create alternative means of committing the crime of failure to register as a sex offender." Peterson, 145 Wn. App. at 678.

Our Supreme Court affirmed our decision. State v. Peterson, 168 Wn.2d 763, 230 P.3d 588 (2010). In so doing, the court noted, "this case requires us to consider what elements constitute the crime of failure to register as a sex offender." Peterson, 168 Wn.2d at 765. The court's analysis of the case, however, differed from our analysis; specifically, the court determined that whether failure to register was an alternative means crime was a separate analysis from whether the deadlines for registration constituted essential

elements of the crime. Peterson, 168 Wn.2d at 770-71 (concluding that "it is not necessary to draw a distinction between alternatives and definitions of alternatives where the crime at issue is not an alternative means crime at all"). Nevertheless, the court similarly rejected Peterson's assertion that his residential status—which, pursuant to the sex offender registration statute, determined the applicable deadline for registration—constituted an element of the offense. Peterson, 168 Wn.2d at 774. The court held "that residential status is not an element of the crime" of failure to register. Peterson, 168 Wn.2d at 774.

Durrett nevertheless cites to a footnote in our Supreme Court's decision in Peterson in asserting that the deadlines for registration constitute essential elements of the offense of failure to register as a sex offender. The footnote states: "Common sense suggests the statutory deadline is part of the State's burden of proof." Peterson, 168 Wn.2d at 771 n.7. However, this statement is not contrary to a determination that the deadlines and procedures for registration do not constitute elements of the offense. Of course, the State must prove that the sex offender failed to comply with one of the various registration deadlines or procedures set forth in the statute. Indeed the statutory provision establishing the offense requires this, as the offense of failure to register as a sex offender is committed only where the offender "fails to comply with any of the requirements" of the statute. Former RCW 9A.44.130(11)(a). However, as our Supreme Court recently concluded, a fact that must be proved by the State in order to obtain a conviction is not necessarily an essential element of the offense charged. State v. Allen, No. 86119-6, 2013 WL 259383, at *7 (Wash. Jan. 24, 2013) (holding

that the "true threat" concept is not an element of the offense of felony harassment notwithstanding the fact that the State must prove that the threat constituted a "true threat" in order to obtain a conviction).

Here, the information charging Durrett with failure to register as a sex offender alleged that he knowingly failed to comply with the requirements of the sex offender registration statute. Although Durrett failed to comply with a different registration deadline and procedure than did the defendant in Peterson, his contention is the same—Durrett asserts that the particular deadline and procedure with which he failed to comply constitutes an essential element of the offense of failure to register as a sex offender. However, as we have previously held, the sex offender registration statute creates only one punishable offense: "fail[ure] to comply with any of the requirements" of that statute. Former RCW 9A.44.130(11)(a) (2006). The particular requirement with which Durrett failed to comply—reporting weekly to the county sheriff's office—does not constitute an element of that offense.[3]

---

[3] Durrett cites to a recent decision by our Supreme Court, State v. Caton, 174 Wn.2d 239, 273 P.3d 980 (2012), in support of his contention that the weekly reporting registration requirement is an essential element of the offense. He avers that, "[t]he 'gravamen of the offense' is the failure to register or report within the statutory deadline." Appellant's Br. at 7 (citing Caton, 174 Wn.2d at 242). But Caton is inapposite. There, the court addressed whether the defendant's conviction of failure to register as a sex offender was supported by sufficient evidence. Caton, 174 Wn.2d at 240. The registration requirement with which the defendant allegedly failed to comply required that he "'report, in person, every ninety days to the sheriff of the county where he or she is registered.'" Caton, 174 Wn.2d at 241 (quoting RCW 9A.44.130(7)). That subsection of the statute also provided that "'[r]eporting shall be on a day specified by the county sheriff's office.'" Caton, 174 Wn.2d at 241 (quoting RCW 9A.44.130(7)). Although the defendant reported within ninety days, he did not do so on the precise date indicated by the sheriff's office. Caton, 174 Wn.2d at 242-43. The court reversed his conviction, holding that "[t]he gravamen of the offense is failure to report every 90 days, not failure to report on a specific date." Caton, 174 Wn.2d at 242. The court's analysis was limited to the particular

Because the requirement that Durrett report weekly to the sheriff's office is not an essential element of the offense of failure to register as a sex offender, the information was constitutionally adequate. Thus, we reject Durrett's assertion to the contrary.[4]

III

Durrett additionally contends that the "to convict" instruction given to the jury was constitutionally inadequate. Again, he asserts that this is because it did not include as an essential element the requirement that Durrett report weekly to the county sheriff. Because, as explained above, the requirement that Durrett report weekly to the county sheriff does not constitute an essential element of the offense of failure to register as a sex offender, this challenge similarly fails.

"[A] 'to convict' instruction must contain all of the elements of the crime because it serves as a 'yardstick' by which the jury measures the evidence to determine guilt or innocence." State v. DeRyke, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003) (quoting State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997)). In reviewing the constitutional adequacy of a "to convict" instruction, the reviewing court may not supply a missing element by relying upon other jury instructions. DeRyke, 149 Wn.2d at 910. We review de novo the adequacy of a

---

registration requirement at issue therein, and the court did not address the essential elements of the offense of failure to register as a sex offender.

[4] Where an information contains the essential elements of a crime, we may nevertheless determine that its "inartful language" prejudiced the defendant such that he or she was not apprised of the nature of the crime. Kjorsvik, 117 Wn.2d at 106. Durrett does not, however, contend that he was prejudiced by the language of the information. Rather, he asserts only that the information omitted an essential element of the offense. Thus, having determined that the information contained the essential elements of the offense, we do not address the question of prejudice.

"to convict" instruction. State v. Mills, 154 Wn.2d 1, 7, 109 P.3d 415 (2005).

Here, the "to convict" instruction provided:

> To convict the defendant of the crime of failure to register as a sex offender as charged, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That during a time intervening between November 2, 2009, and January 29, 2010, the defendant was required to register as a sex offender;
> (2) That during a time intervening between November 2, 2009 and January 29, 2010, the defendant knowingly failed to comply with the requirement of sex offender registration.
> (3) That the act occurred in the State of Washington.

A definitional instruction provided the particular compliance provision relevant in this case:

> A person commits the crime of failure to register as a sex offender when that person, having been convicted of a sex offense for which he is required to register as a sex offender with the county sheriff's office, knowingly fails to comply with the requirements of sex offender registration.
> A requirement of sex offender registration is that a person who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. The weekly report shall be on a day specified by the county sheriff's office, and shall occur during normal business hours.

As explained above, the essential elements of the offense of failure to register as a sex offender are the knowing failure to comply with the registration requirements set forth in the statute. Thus, contrary to Durrett's contention, the "to convict" instruction is not constitutionally inadequate because it does not set forth the particular registration requirement with which Durrett failed to comply. Indeed, we have previously rejected this precise argument, holding that a "to convict" instruction was adequate where it provided that, during the specified time period, "the defendant knowingly failed to comply with the requirements of

sex offender registration." <u>Bennett</u>, 154 Wn. App. at 206. Moreover, the jury was properly instructed regarding the definition of the particular registration requirement with which Durrett failed to comply. <u>See</u> <u>Allen</u>, 2013 WL 259383, at *7 (noting that, although the "true threat" concept was not an element of the offense, the jury was properly instructed regarding the definition of "true threat" in a separate instruction). The "to convict" instruction included the essential elements of the offense of failure to register as a sex offender, and, thus, it was constitutionally adequate.

Affirmed.

We concur: