

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | |
|---|---|
| Respondent, | No. 71399-0-I |
| v. | DIVISION ONE |
| E.N., a minor (DOB 9/27/1998), | UNPUBLISHED OPINION |
| Appellant. | FILED: November 10, 2014 |

LEACH, J. — E.N. appeals a trial court decision finding him guilty of indecent exposure. E.N. argues the State failed to prove the element of exposure beyond a reasonable doubt because the only witness who saw E.N. testified E.N. had covered his genitalia with his hand when the witness saw E.N. Because a witness need not observe a defendant's exposed genitalia and the State presented sufficient circumstantial evidence that E.N. exposed himself with the knowledge that he was likely to cause reasonable affront or alarm, sufficient evidence supports the conviction for indecent exposure. We affirm.

Background

On September 13, 2012, Craig Richardson drove through an apartment complex parking lot and saw a naked man standing about 20 feet in front of one of the buildings. Richardson looked several times to confirm the man was naked. The naked man saw Richardson but did not run away as Richardson drove by. Richardson parked and

approached a tenant to discuss the matter. As Richardson approached the tenant, the naked man ran into an apartment building. The tenant had not seen the naked man Richardson described.

Richardson called 911 to report a nude, heavyset white man with reddish hair and glasses. He reported that the man "had his hand on his crotch," was not doing anything sexual, and looked like he was "out getting some fresh air."

Richardson directed responding Bothell police officer Erik Martin to building B. Martin asked other tenants if they knew of someone who fit the naked man's description, and the tenants directed Martin to apartment B-102. E.N. answered the door. Martin told E.N. that he did not have to talk to him and then asked why E.N. had been outside naked. E.N. answered that he liked to go outside naked sometimes because "he enjoys the process of being naked and it arouses him." He had done this for about four months when his mother was not home.

At trial, Richardson testified that he did not see the man's genitalia. The trial court found E.N. guilty of indecent exposure. E.N. appeals.

Analysis

E.N. challenges the sufficiency of the evidence to prove an essential element of the offense of indecent exposure beyond a reasonable doubt. He contends that the State did not prove E.N. exposed his genitalia in the presence of another as required by the applicable statute, RCW 9A.88.010. The State contends that it did not have to prove that Richardson saw E.N.'s genitalia to prove that E.N. exposed his genitalia in the presence of another. We agree with the State.

Due process requires the State to prove each element of a charged offense.[1] Under the circumstances of this case, we review the record to decide if the State presented sufficient evidence to allow a rational, objective trier of fact to conclude beyond a reasonable doubt that E.N. exposed his genitalia in the presence of another.[2] We view the evidence in the light most favorable to the State.[3] "A claim of insufficient evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence."[4]

The parties agree the State had to prove beyond a reasonable doubt that E.N. intentionally and obscenely exposed himself in another's presence and that he knew it would cause reasonable affront or alarm. E.N. challenges the sufficiency of the evidence to prove one element. E.N. argues that because Richardson did not see E.N.'s genitalia and testified that E.N. covered himself with his hand, the State failed to prove that E.N. exposed his genitalia. He concludes that the State therefore failed to prove exposure as an element of the offense.

While RCW 9A.88.010 requires "open and obscene exposure" of private parts, no witness must see a defendant's genitalia for the State to prove the defendant exposed himself in another's presence.[5] In State v. Vars,[6] two witnesses saw Vars

---

[1] State v. Cantu, 156 Wn.2d 819, 825, 132 P.3d 725 (2006); In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

[2] State v. Vars, 157 Wn. App. 482, 493, 237 P.3d 378 (2010).

[3] State v. Caton, 174 Wn.2d 239, 241, 273 P.3d 980 (2012) (citing State v. McKague, 172 Wn.2d 802, 805, 262 P.3d 1225 (2011)).

[4] Caton, 174 Wn.2d at 241 (citing State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010)).

[5] Vars, 157 Wn. App. at 491.

[6] 157 Wn. App. 482, 487, 237 P.3d 378 (2010).

naked in the street without seeing Vars's genitalia. Witnesses described Vars as "nude" and "naked," walking through the street with his arms in the air.[7] As the State notes, this court found circumstantial evidence sufficient to allow a rational fact finder to conclude Vars had exposed himself.[8]

Similarly, circumstantial evidence produced by the State amply supports a rational conclusion that E.N. exposed himself. Richardson testified that he saw a "naked male." While E.N. covered himself when Richardson saw him, E.N. stayed outside when he saw Richardson and remained in the same place until Richardson parked and approached another tenant. Richardson "was surprised to where—how far he came from where the stairs were to the carport. He had to get like some distance to walk over there . . . naked." The distance was "[m]aybe 20 feet." Richardson saw E.N. run this distance into the apartment building as Richardson began to discuss the matter with another tenant.

Officer Martin responded to Richardson's 911 call and testified about his interview with E.N. Martin learned from another tenant about a young male tenant matching the description provided by Richardson. Martin went to the young male's apartment. E.N. answered the door. He fit Richardson's description of the naked man. Martin asked E.N. why he had been outside naked, and E.N. told Martin that he "likes to do that sometimes" because it "arouses" him. He explained that he had been going outside naked for about four months at times when his mother was not home.

---

[7] Vars, 157 Wn. App. at 492.
[8] Vars, 157 Wn. App. at 491-93.

-4-

We conclude the State presented sufficient circumstantial evidence to allow a rational trier of fact to find that E.N. did expose his genitalia in the presence of others.

## Conclusion

A rational trier of fact could conclude beyond a reasonable doubt from circumstantial evidence that E.N. exposed himself. We affirm.

_Leach, J._

WE CONCUR:

_Cox, J._