FILED
COURT OF APPEALS
DIVISION II

2015 MAY 27 AM 9: 34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45971-0-II |
| Respondent, | |
| v. | |
| BRIAN GLENN COX, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Brian Glenn Cox appeals his jury trial convictions and his sentence for two counts of criminal solicitation of first degree murder and one count of violating a protection order. He successfully argues that the trial court violated his public trial rights when it excused jurors for cause during a sidebar conference. We follow our recent precedent in *State v. Anderson*, No. 45497-1-II (Wash. Ct. App. May 19, 2015), and hold that the trial court violated his public trial rights. Because we vacate Cox's convictions and remand to the trial court, we do not reach his other arguments or his statement of additional grounds (SAG) except we address, and reject, his challenge to the sufficiency of the evidence.

## FACTS

In 2013, despite a recent protection order that restrained Cox from harassing, following, or having any contact whatsoever with his estranged wife, Cox drove up behind his wife's car, close

1

enough so that if she had applied the brakes, their cars would have collided; honked his horn repeatedly at her; "[e]xtend[ed] his middle finger towards" her; and yelled at her from his car. 1 Report of Proceedings (RP) at 153. Cox also offered half of a $250,000 life insurance policy, and later agreed to pay $10,000, to a co-worker to "make his wife permanently disappear." 2 RP at 281. After he was arrested, Cox asked his cellmate, "[H]ow much it would cost to have [his co-worker] disappear," and Cox agreed to pay the cellmate $20,000 so that the co-worker could not testify against him. 3 RP at 485.

The State charged Cox with two counts of criminal solicitation of first degree murder and one count of violating a protection order.[1] A jury convicted Cox on all three counts.

Prior to voir dire, the trial court excused three jurors for cause during a sidebar, stating,

> THE COURT: . . . I'd like to make a record of sidebar we had before we selected the jury. At that time, there were requests to excuse for cause No. 6, 40 and 43. The state did not object to 6 or 40. The state did object to 43. They indicated in my thinking we were not going to reach 43 anyway and we did not, but I granted the challenges for cause for each of those three, 6, 40 and 43.
> Does anybody need to put anything else on the record in that regard?
> [THE STATE]: Your Honor, just to be specific, I think with 6 and 40, it was actually the state that made the request.
> . . . .
> [THE COURT:] Is there anything else I need to memorialize about any sidebars or actions outside the record?

1 RP at 126-27. The record does not establish what the parties said during the sidebar or the specific reasons that the court excused the three jurors. The trial court also did not analyze the

---

[1] RCW 9A.28.030; RCW 9A.32.030(1)(a); RCW 26.50.110(1)(a).

No. 45971-0-II

*Bone-Club*[2] factors either before or after the sidebar conference. The full voir dire appears in the record only as "(The jury was selected and sworn.)." 1 RP at 100.

## ANALYSIS

### I. FOR CAUSE SIDEBAR CHALLENGE VIOLATED COX'S PUBLIC TRIAL RIGHTS

Cox argues that the trial court violated his public trial rights when it conducted for cause challenges at a sidebar without considering the *Bone-Club* factors. We follow our recent precedent in *Anderson*, agree with Cox, and hold that the trial court violated Cox's public trial rights when it conducted for cause challenges at a sidebar. Because the violation of a defendant's public trial right is structural error, we remand for a new trial.[3]

### II. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Cox argues that his convictions for two counts of criminal solicitation of first degree murder and one count of violating a protection order are not supported by sufficient evidence. We disagree.

"Evidence is sufficient to support a finding of guilt if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Rose*, 175 Wn.2d 10, 14, 282 P.3d 1087 (2012). "A claim of insufficient evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence." *State v. Caton*, 174 Wn.2d 239, 241, 273 P.3d 980 (2012). We consider circumstantial and direct evidence to be equally reliable. *State v. Delmarter*,

---

[2] *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

[3] Accordingly, we decline to address his remaining arguments other than his challenge to the sufficiency of the evidence to sustain his convictions.

3

94 Wn.2d 634, 638, 618 P.2d 99 (1980). We also defer to the trier of fact where there are questions of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

A defendant is guilty of criminal solicitation when,

> with intent to promote or facilitate the commission of a crime, he or she offers to give or gives money or other thing of value to another to engage in specific conduct which would constitute such crime or which would establish complicity of such other person in its commission or attempted commission had such crime been attempted or committed.

RCW 9A.28.030. A defendant is guilty of first degree murder if, "[w]ith a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person." RCW 9A.32.030(1)(a).

Here, there was both video and testimonial evidence that Cox offered to give his co-worker money to kill his wife and testimonial evidence that he later offered his cellmate money to kill his co-worker. From their testimony, a rational trier of fact could find that Cox offered his co-worker and his cellmate money with the intent to promote or facilitate his wife's murder and his co-worker's murder. This evidence is sufficient to support Cox's conviction on two counts of criminal solicitation of first degree murder.

To prove the violation of a protection order, the State must submit sufficient evidence to persuade a rational trier of fact that a protection order is granted, the person restrained knows of the order, and violates its provisions. RCW 26.50.110(1)(a). Here, there was evidence that Cox was served with and signed a protection order that restrained him from following, harassing, or having any contact with his estranged wife. Yet, despite knowing about the protection order, Cox

No. 45971-0-II

followed his wife's vehicle very closely, made obscene gestures, and yelled at her. Again, this evidence is sufficient to support his conviction for violation of a protection order.

Because Cox's convictions were each supported by sufficient evidence, he is not entitled to dismissal with prejudice. However, because of the public trial rights violation, we vacate his convictions and remand for a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MELNICK, J.

5