# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50401-4-II |
| Respondent, | |
| v. | |
| JORY EDWARD DENMAN, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Jory Edward Denman appeals his conviction for bail jumping in the second degree. Denman argues that insufficient evidence existed because he did not have notice of the date he had to appear in court. Denman further argues the State argued unsupported facts during closing argument. Denman also argues he received ineffective assistance of counsel because his lawyer failed to object during the prosecutor's closing argument.

We affirm the conviction.

### FACTS

#### I.    RELEASE ON BAIL AND ORDER TO APPEAR

The State initially charged Denman with six felonies. The Cowlitz County Superior Court released Denman on bail, with the condition that he appear at all future court appearances.

At his arraignment on May 17, the court ordered Denman to appear in court on July 11 for a pretrial hearing, on August 4 for a readiness hearing, and on August 8 for trial. Denman signed the order. The dates listed the month and day, but not the year.

II.     FAILURE TO APPEAR

Denman appeared at the pretrial hearing but did not appear at the trial readiness hearing. After Denman failed to appear, the judge ordered a warrant for Denman's arrest.

A few days later, Denman and his lawyer appeared in court. Denman asked the court to quash the warrant because he "inadvertently missed court on [August 4]." Report of Proceedings (RP) at 5. The prosecution did not object. The court quashed the bench warrant.

The State amended the information to add a count for bail jumping. The State later dismissed the six felonies and proceeded to trial on only the bail jumping count.

III.    TRIAL

At trial, Cowlitz County Deputy Clerk Jeanette Kleine testified as follows. Kleine identified Denman as somebody she recognized from prior court appearances in this case. Kleine prepared the clerk's minute sheet for Denman's arraignment on May 17. Denman appeared at the arraignment, and the court ordered him to appear on July 11, August 4, and August 8, 2016. Denman signed the order to appear. Denman appeared on July 11, but did not appear on August 4. The judge ordered a bench warrant for Denman's arrest because he failed to appear on August 4.

The court admitted the clerk's minute sheets and the May 17 order requiring Denman to appear. The clerk's minute sheets showed that Denman appeared at the arraignment and pretrial hearing, but not the readiness hearing.

Denman stipulated that he had been charged with a class B or C felony, and that the court had released him on bail, as of August 4.

During closing argument, the prosecutor made the following statement:

> And we know from the testimony that [Denman] was aware of the[] dates [on the order to appear] because he signed a document saying here are your dates, you need to appear here in court on these days and times, you are ordered to do so.

RP at 89.

Denman argued in closing that he failed to appear on August 4 either because he did not know the year in which he had to appear, or because the court usually scheduled pretrial hearings and arraignments at 2:00 P.M. on Mondays for his lawyer's out-of-custody clients.

The jury found Denman guilty of bail jumping in the second degree.

Denman appeals.

ANALYSIS

I.    SUFFICIENCY OF THE EVIDENCE

Denman seeks reversal of his conviction for bail jumping by arguing insufficient evidence existed that he knew the date the court ordered him to appear, that he failed to appear, or that the State proved he was the person ordered to appear. We disagree.

When a defendant challenges the sufficiency of the evidence supporting a conviction, we examine the record to decide whether any rational fact finder could have found that the State proved each element of the offense beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). Additionally, we deem the State's evidence admitted and draw all reasonable inferences from that evidence in the State's favor. *State v. Caton*, 174 Wn.2d 239, 241, 273 P.3d 980 (2012). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

"Any person who, after being released on bail with knowledge of the next court date, fails to appear at the required date and time is guilty of bail jumping." *State v. Anderson*, 3 Wn. App. 2d 67, 70, 413 P.3d 1065 (2018); *see* RCW 9A.76.170(1).

The State must prove the defendant "'was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and . . . knowingly failed to appear as required.'" *State v. Williams*, 162 Wn.2d 177, 184, 170 P.3d 30 (2007) (quoting *State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51 (2000)); *see State v. Boyd*, 1 Wn. App. 2d 501, 516, 408 P.3d 362 (2017), *review denied*, 190 Wn.2d 1008 (2018). The State can prove that a defendant knew he was required to appear with evidence that the defendant received notice of the dates on which he was required to appear. *Boyd*, 1 Wn. App. 2d at 516.

The State must also prove that the person on trial for bail jumping was the same person who failed to appear as ordered. *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005); *State v. Brezillac*, 19 Wn. App. 11, 12, 573 P.2d 1343 (1978). The State can meet this burden in multiple ways, including eyewitness identification. *Huber*, 129 Wn. App. at 503.

Here, Kleine identified Denman at trial as the person the court ordered to appear on August 4, 2016. She testified that Denman signed the order to appear. Kleine also testified that Denman failed to appear on August 4. The clerk's minute sheets corroborate Kleine's testimony. Although the order to appear did not contain the year, the court ordered Denman to appear, and a reasonable juror could easily infer from all of the direct and circumstantial evidence that the court ordered the future appearances in the year 2016.

Viewing this evidence, and its inferences in the light most favorable to the State, a reasonable juror could find that Denman was the person the court ordered to appear at the arraignment, and that he knowingly failed to appear as required on the date specified by the court. Therefore, sufficient evidence supports Denman's bail jumping conviction.

II.    PROSECUTORIAL MISCONDUCT

Denman argues that the prosecutor improperly argued unsupported facts during closing argument. We disagree.

"Prosecutorial misconduct may deprive a defendant of his constitutional right to a fair trial." *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012). Prosecutorial misconduct is grounds for reversal if the defendant shows the prosecuting attorney's "conduct was both 'improper and prejudicial in the context of the entire record and the circumstances at trial.'" *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (quoting *State v. Magers*, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)) (internal quotations omitted). Prosecutors "have wide latitude to argue facts and reasonable inferences from the evidence" at trial. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 557, 397 P.3d 90 (2017).

Here, the State based its argument on the evidence. It argued that Denman had notice of the dates to appear, and that he signed the order to appear. Therefore, we conclude that no prosecutorial misconduct occurred.

III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Denman argues that his counsel was ineffective by failing to object when the prosecutor argued that Denman was aware of the dates on the order to appear because he signed the order to appear. We disagree.

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To prevail on an ineffective assistance of counsel claim, the defendant must show both that defense counsel's representation was deficient and that the deficient representation prejudiced the defendant. *Grier*, 171 Wn.2d at 32-33. If a defendant fails to prove either prong, the claim fails. *State v. Lord*, 117 Wn.2d 829, 884, 822 P.2d 177 (1991), *abrogated on other grounds by State v. Schierman*, ___ Wn.2d ___, 415 P.3d 106 (2018).

Representation is deficient if after considering all the circumstances, "it falls 'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland*, 466 U.S. at 688). Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Grier*, 171 Wn.2d at 34. Where the challenged conduct, e.g., the prosecutor's closing argument, was not improper, a defendant fails to establish deficient conduct for his counsel's failure to object. *See Thorgerson*, 172 Wn.2d at 442.

Here, the evidence and its reasonable inferences supported the State's argument. Therefore, Denman's counsel was not deficient because any objection would have been overruled. Denman did not receive ineffective assistance of counsel.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Johanson, J.