FILED
COURT OF APPEALS
DIVISION II

2015 AUG 25 AM 8: 44

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Personal Restraint Petition of:

JEFFERY LAMONT RANDALL,

　　　　　　　　Petitioner.

No. 45994-9-II

UNPUBLISHED OPINION

MELNICK, J. — In this personal restraint petition (PRP), Jeffrey Randall petitions us to vacate his convictions for two counts of unlawful delivery of a controlled substance to a minor with sexual motivation and two counts of involving a minor in a drug transaction to deliver a control substance. Randall argues his restraint is unlawful because (1) the trial court violated his right to be present, (2) his convictions rest on insufficient evidence, (3) the State committed prosecutorial misconduct, (4) the State violated his right to be free from double jeopardy, (5) the appellate record is incomplete, (6) the State engaged in discovery violations, (7) the trial court violated his right to a unanimous verdict, (8) his time for trial rights were violated, and (9) he received ineffective assistance of trial and appellate counsel.

We deny Randall's petition because (1) Randall fails to establish that the trial court violated his right to be present, (2) his convictions are supported by sufficient evidence, (3) the prosecutorial misconduct claims were already addressed on direct appeal, (4) Randall fails to establish that he was punished multiple times for the same crime, (5) Randall fails to show that an inadequate appellate record caused actual and substantial prejudice, (6) Randall fails to meet his burden to prove that discovery violations occurred, (7) the unanimous verdict claims were already addressed on direct appeal, (8) Randall fails to establish his trial was set outside CrR 3.3 time

limits, the trial court abused its discretion when it granted continuances, or that his trial delay was presumptively prejudicial, and (9) Randall fails to show that his trial counsel's and appellate counsel's performance was deficient.

## FACTS[1]

In spring 2008, HT and VN, 15 year-old females, attended Tacoma high schools. Randall, a 40-year-old male, had a reputation among the students for providing alcohol, marijuana, and transportation. HT and VN met Randall through friends and started regularly buying marijuana from him.

From approximately March to early June 2008, Randall picked up HT and VN every day after school. They drove around Pierce County selling marijuana out of his car. Before Randall permitted HT and VN to sell marijuana, he put them through loyalty tests. These tests included talking about themselves while naked, kissing him, and taking their shirts off for him. Eventually, he required each girl to have sexual intercourse with him. Randall knew that HT and VN were only 15 years old at the time and that they did not want to engage in intercourse with him. After they passed the loyalty tests, HT and VN participated in Randall's sales by weighing marijuana, collecting money, and selling marijuana at school.

Randall regularly gave HT and VN marijuana and alcohol for their own use and he sometimes gave them a portion of the sale proceeds as compensation.

In late April or early May 2008, another high school student reported to police rumors that Randall had raped HT and VN. In June 2008, a Tacoma police officer arrested Randall on an unrelated warrant. In a search incident to arrest, law enforcement located marijuana in the interior

---

[1] Unless otherwise indicated, the facts are taken from this court's unpublished opinion of Randall's direct appeal. *State v. Randall*, noted at 175 Wn. App. 1061, 2013 WL 3963473.

2

compartment of Randall's car. Randall was charged and pleaded guilty to possession of marijuana in Tacoma Municipal Court.

In jail, a detective interviewed Randall about the rape and drug allegations relating to HT and VN. The State, by a third amended information, charged Randall with four counts of third degree child rape, two counts of involving a minor in a drug transaction, and two counts of unlawful delivery with sexual motivation. The third amended information did not include specific dates for the offenses, stating that the offenses had occurred between March 1 and June 4, 2008. Randall acknowledged receipt of the amended information, waived formal reading, waived any objection to the amendment, and pleaded not guilty.

Prior to trial, the trial court granted 19 continuances to accommodate appointed counsel's withdrawal and appointment of new defense counsel, defense counsel's requests for additional time, defense counsel's unavailability due to scheduling conflicts, the prosecutor's unavailability due to scheduling conflicts, the trial court's determination that it would be unable to complete trial efficiently because of scheduling conflicts, and Randall's filing of an affidavit of prejudice against the assigned trial court judge.

At trial, HT and VN testified consistently with the facts outlined above and admitted that they had lied during the initial police interviews, that they had lied to their parents, and that they could not remember specific dates or times of the events occurring nearly three years earlier.

Randall proposed a *Petrich*[2] unanimity jury instruction related to each charge. The trial court refused, reasoning that the evidence established a continuing course of conduct involving an ongoing enterprise with a single objective.

---

[2] *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), *modified in part by State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988).

The jury acquitted Randall of the rape charges. The jury found Randall guilty of two counts of involving a minor in a transaction to deliver a controlled substance and two counts of unlawful delivery of a controlled substance to a minor. The jury also found that Randall committed the unlawful deliveries with sexual motivation.

Randall filed a direct appeal and, in relevant part, Randall argued that the trial court violated his right to a unanimous verdict because the trial court did not give a *Petrich* instruction and failure to do so was not harmless, and that insufficient evidence supported the jury's finding of sexual motivation. Randall raised numerous other arguments in his statement of additional grounds (SAG), including prosecutorial misconduct, discovery violations, time for trial rights violations, and an incomplete appellate record prejudiced him.

We held, in relevant part, that the failure to give a *Petrich* instruction constituted harmless error, sufficient evidence supported the jury's sexual motivation findings, and Randall's remaining SAG claims were not preserved for appeal, were too vague, or were reliant on matters outside the record; therefore this court did not further consider his arguments. This court affirmed the convictions.

## ANALYSIS

A PRP will be granted only if the petitioner is under an unlawful restraint. RAP 16.4; *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 16, 296 P.3d 872 (2013). A PRP is not a substitute for a direct appeal. *In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). Accordingly, there are limits on the use of a PRP to collaterally attack a conviction. *Hagler*, 97 Wn.2d at 824.

When considering constitutional arguments raised in a PRP, we must decide whether the petitioner can show that a constitutional error caused actual and substantial prejudice. *Hagler*, 97 Wn.2d at 826. If the petitioner fails to make a prima facie showing of actual and substantial prejudice caused by constitutional error, we must deny the PRP. *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983). If the petitioner makes a prima facie showing of actual and substantial prejudice from a constitutional error but the record is not sufficient to determine the merits, we should remand for a reference hearing. *Hews*, 99 Wn.2d at 88. If, however, we are convinced the petitioner has proven actual and substantial prejudice from a constitutional error, we will grant the petition. *Hews*, 99 Wn.2d at 88.

When considering nonconstitutional arguments, we must decide whether the petitioner has established that the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990).

Whether it raises constitutional or nonconstitutional issues, a PRP must state with particularity the factual allegations underlying the petitioner's claim of unlawful restraint. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Bald assertions and conclusory allegations are not sufficient. *Rice*, 118 Wn.2d at 886.

Further, the factual allegations must have evidentiary support. *Rice*, 118 Wn.2d at 886. If the trial court record does not support the factual allegations, then the petitioner must show through affidavits or other forms of corroboration that competent and admissible evidence will establish the factual allegations. *Rice*, 118 Wn.2d at 886. The petitioner may not rely on mere speculation, conjecture, or inadmissible hearsay. *Rice*, 118 Wn.2d at 886.

Lastly, a PRP cannot renew an issue that was raised and rejected on direct appeal, "unless the interests of justice require relitigation of that issue." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671, 101 P.3d 1 (2004). An issue was raised and rejected on direct appeal if the direct appeal determined the issue's merits adversely to the petitioner. *In re Davis*, 152 Wn.2d at 671 n.14. As the Washington Supreme Court has explained,

> This burden can be met by showing an intervening change in the law ""'or some other justification for having failed to raise a crucial point or argument in the prior application.'"" *In re Personal Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999) (quoting [*In re Pers. Restraint of*] *Taylor*, 105 Wn.2d [683], 688[, 717 P.2d 755 (1986)] (quoting *Sanders v. United States*, 373 U.S. 1, 16, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963))). A defendant may not recast the same issue as an ineffective assistance claim; simply recasting an argument in that manner does not create a new ground for relief or constitute good cause for reconsidering the previously rejected claim. *In re Personal Restraint of Benn*, 134 Wn.2d 868, 906, 952 P.2d 116 (1998).

*In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 720, 16 P.3d 1 (2001). "'Simply 'revising' a previously rejected legal argument . . . neither creates a 'new' claim nor constitutes good cause to reconsider the original claim.'" *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 329, 868 P.2d 835 (1994) (alterations in original) (quoting *In re Pers. Restrain of Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990)).

I.    RIGHT TO BE PRESENT

Randall argues that the trial court violated his constitutional right to be present when it failed to recall Randall to court before hearing and answering a jury question and by failing to make an adequate record. We disagree.

The only support for Randall's position that the trial court heard and answered a jury question outside his presence is his mere allegation. The record contains no evidence that this event occurred. In a letter to Randall, Randall's trial counsel informed him that she "cannot provide [Randall] with an Affidavit (or Declaration) regarding whether or not the jury sent out a

question before they returned their verdict(s) because [she is] not certain that it happened and [she] cannot find a record of it happening." Personal Restraint Petition (PRP) at Ex. A8. Randall's trial counsel further stated she contacted "the prosecutor to find out if she remembered a question from the jury" and that the prosecutor did not. PRP at Ex. A8. Randall also presented a letter from his appellate counsel in which she stated that "no jury question was reflected in the record—either in the transcript, nor [sic] in the clerk's papers." PRP at Ex. A10.

Because this evidence does not demonstrate that the trial court actually addressed a jury question and the trial record is void of any such occurrence, Randall's claim fails. *See Rice*, 118 Wn.2d at 886.

## II. SUFFICIENCY OF THE EVIDENCE

Randall argues that each of his convictions rests on insufficient evidence. We disagree. The State presented sufficient evidence for the jury to find Randall involved minors in drug transactions.

"A conviction based on insufficient evidence contravenes the due process clause of the Fourteenth Amendment and thus results in unlawful restraint." *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 364, 256 P.3d 277 (2011). "Evidence is sufficient to support a finding of guilt if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Rose*, 175 Wn.2d 10, 14, 282 P.3d 1087 (2012). "A claim of insufficient evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence." *State v. Caton*, 174 Wn.2d 239, 241, 273 P.3d 980 (2012). We treat circumstantial and direct evidence with equal reliability. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues

of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), *aff'd*, 166 Wn.2d 380, 208 P.3d 1107 (2009).

A.    Involving a Minor in a Transaction to Deliver a Controlled Substance

Involving a minor in a transaction to deliver a controlled substance requires a person to compensate, threaten, solicit, or in any other manner involve a person under the age of eighteen in a transaction unlawfully to manufacture, sell, or deliver a controlled substance. RCW 69.50.4015. Taken in the light most favorably to the State, sufficient evidence existed that Randall compensated and involved HT and VN in the sale of marijuana throughout Pierce County. The evidence came from HT and VN's testimony. HT and VN, both 15 years old, testified that Randall had HT and VN weigh and package marijuana for sale and sell marijuana from his car in numerous locations throughout Pierce County and at their schools every day from approximately March 1 to June 4, 2008.

In viewing the evidence in the light most favorable to the State, a reasonable jury could have found the elements of the crime beyond a reasonable doubt. Therefore, we reject Randall's claim.

B.    Unlawful Delivery of a Controlled Substance to a Minor

Unlawful delivery of marijuana to a minor requires a person over the age of eighteen to distribute any controlled substance, including marijuana, to a person under eighteen who is at least three years his junior. RCW 69.50.406(2). HT and VM testified that Randall, a person more than three years older than them, gave them marijuana. Several witnesses corroborated this testimony.

In viewing the evidence in the light most favorable to the State, a reasonable jury could have found the elements of the crime beyond a reasonable doubt. Therefore, we reject Randall's claim.

## C.     Sexual Motivation

Randall next argues that that the jury's sexual motivation findings associated with his unlawful delivery to a minor convictions are unsupported by sufficient evidence. Randall raised this same argument in his direct appeal. We rejected it because the victims' testimony provided sufficient evidence to support the jury's finding. *State v. Randall*, noted at 175 Wn. App. 1061, 2013 WL 3963473, at *6. In his PRP, Randall simply recasts this same argument and he fails to establish that the interests of justice require relitigation of the issue. *See Davis*, 152 Wn.2d at 671. Therefore, we do not consider this argument.

## III.     PROSECUTORIAL MISCONDUCT

Randall argues that the State committed misconduct by filing an amended information with additional charges. Because we already addressed this issue in the direct appeal and Randall fails to establish that the interests of justice require relitigation of the issue, we do not allow Randall to renew these arguments.

At trial, Randall expressly waived any objection to the State's third amended information. *Randall*, 2013 WL 3963473, at *9. On direct appeal, we held that Randall's prosecutorial misconduct claim failed because he did not meet his burden to show that the misconduct was so flagrant or ill-intentioned that the trial court could not have cured the error by instructing the jury. *Randall*, 2013 WL 3963473, at *9 (citing *State v. Weber*, 159 Wn.2d 252, 270, 149 P.3d 646 (2006), *cert. denied*, 551 U.S. 1137 (2007)).

Randall now argues that we erred. In support of his argument, Randall presents evidence that he objected to the State's amended information in April of 2010. However, the objection went to the second amended information. The State filed a third amended information to which Randall did not object. He expressly waived any objection. Randall also fails to carry his burden to show

that the interests of justice require relitigation of this issue.[3] *See Davis*, 152 Wn.2d at 671. Therefore, we reject Randall's claim.

IV.   DOUBLE JEOPARDY

Randall first argues that the State presented the same evidence used to convict him of misdemeanor possession of marijuana on June 16, 2008 in a separate proceeding to prove his felony convictions in this case, thus violating his right to be free from double jeopardy. Because Randall fails to establish that he was punished for the same crime multiple times, his claim fails.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause bars multiple punishments for the same offense. *State v. Villanueva–Gonzalez*, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). "'In order to be the same offense for purposes of double jeopardy[,] the offenses must be the same in law and in fact. If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses.'" *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995) (internal quotation marks omitted) (quoting *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983)).

Randall seems to argue that his conviction for misdemeanor marijuana possession was prosecuted a second time in this case. But the offenses are not the same in law and fact. Randall asserts, and the evidence he presents demonstrates, that he was convicted by guilty plea of misdemeanor possession of marijuana based on events occurring on June 16, 2008. Randall's

---

[3] Randall also fails to make a prima facie showing of actual and substantial prejudice resulting from the additional charges. *See Hews*, 99 Wn.2d at 88.

felony offenses for two counts of unlawful delivery and two counts of involving a minor occurred between March 1 and June 4, 2008. *Randall*, 2013 WL 3963473, at *3. Randall fails to establish a connection between the marijuana involved in the offenses that occurred between March 1 and June 4 and the marijuana in his possession on June 16. Therefore, he has failed to establish that he was punished twice for the same offense. We reject Randall's claim.

V.     APPELLATE RECORDS

Randall argues that the appellate record is incomplete because the transcripts he received do not contain any report of proceedings from June 2008 to November 2009, making it "unfair and prejudicial to review the adequacy of the court findings and impossible to determine the actions of the court[']s conduct." PRP at 28. Randall raised this claim in his direct appeal, but we could not address the issue on direct appeal because it lacked an adequate record. *Randall*, 2013 WL 3963473, at *10.

Randall fails to show that the lack of complete records caused actual and substantial prejudice. *See Hagler*, 97 Wn.2d at 826. Under RAP 9.2(b), the party must arrange for the transcript of all the portions of the verbatim report of proceedings necessary to present the issues raised to be submitted to the appeals court. Although Randall claims that he cannot "completely address all of his issues," he fails to identify what issues to which he is referring. PRP at 29. Furthermore, Randall has failed to provide us with any evidence or factual allegations, through declarations or any other way, to support his argument.[4] Thus, Randall's claim fails.

---

[4] Randall also raises an ineffective assistance of counsel claim relating to an incomplete appellate record. But again Randall fails to identify which issues he is unable to address and is therefore unable to establish that his appellate counsel's performance was deficient or that he was prejudiced.

11

VI.    *BRADY* AND DISCOVERY VIOLATIONS

Randall argues that the State violated his due process rights through *Brady*[5] and discovery violations.  Because Randall fails to meet his burden to prove that violations occurred, his claim fails.

The State violates a defendant's rights to due process when it suppresses evidence that is material to either guilt or punishment, regardless of whether the prosecutor acted in good faith. *Strickler v. Greene*, 527 U.S. 263, 280, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) (citing *Brady*, 373 U.S. at 87).  To establish a *Brady* violation, the defendant must show that the State suppressed evidence favorable to the defendant and the suppression prejudiced the defendant. *Strickler*, 527 U.S. at 281-82.  The State must disclose both impeaching and exculpatory evidence, and the prosecutor must disclose all favorable evidence known to either the prosecutor or the police. *Strickler*, 527 U.S. at 280-81.  A defendant can show prejudice "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985)).

Randall first seems to argue that the State engaged in a *Brady* violation when it failed to make witnesses available for the defense to interview.  It is true that the State objected to Randall's motion to re-interview the victims, but the trial court denied Randall's motion.  Therefore, Randall fails to prove that the State suppressed the evidence. *See Strickler*, 527 U.S. at 281-82.

Randall next argues that the State's failure to disclose an e-mail from one of the victim's pediatricians prejudiced him.  Randall raised this same argument in his direct appeal, and we held that because the State provided Randall with the e-mail several months before his trial, he cannot

---

[5] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

show prejudice and his claim fails.[6] *See Randall*, 2013 WL 3963473, at *10. Randall fails to establish that the interests of justice require relitigation of this issue. *See Davis*, 152 Wn.2d at 671. We do not readdress this argument.

Randall next seems to argue that the trial court conducted an improper *in camera* review of "potentially exculpatory" evidence and the State failed to disclose it. PRP at 36. It is unclear to what evidence Randall is referring and he fails to show that the evidence would have been favorable to him. *See Strickler*, 527 U.S. at 281-82. Therefore, Randall's claim fails.

## VII. PETRICH INSTRUCTION

Randall argues that the trial court's failure to give a *Petrich* instruction violated his right to a unanimous verdict. Randall raised this same issue in his direct appeal and we held that any error was harmless. *See Randall*, 2013 WL 3963473, at *5. In his PRP, Randall simply recasts the issue he raised in his direct appeal. He fails to carry his burden to show that the interests of justice require relitigation of this issue. *See Davis*, 152 Wn.2d at 671. Therefore, he cannot renew the argument now. *See Davis*, 152 Wn.2d at 671.

## VIII. TIME FOR TRIAL

Randall first asserts that the trial court violated his speedy trial rights under CrR 3.3 because it granted continuances over his objection. Randall fails to demonstrate that the trial court abused its discretion by granting any of the continuances or that his trial occurred outside the trial time limits. Furthermore, because Randall failed to move the trial court to set a date within CrR 3.3 time, he has waived this issue. Randall's claim fails.

---

[6] The State originally provided the e-mail approximately a week before Randall's scheduled trial. The trial court granted a continuance of the trial date for a number of reasons. *See Randall*, 2013 WL 3963473, at *10. As a result, Randall had the e-mail several months before his actual trial. *See Randall*, 2013 WL 3963473, at *10.

CrR 3.3 sets times for trial; however, a "[t]rial within 60 days is not a constitutional mandate." *State v. Terrovona*, 105 Wn.2d 632, 651, 716 P.2d 295 (1986). Nor is there any "constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Moreover, a trial court may continue a trial under CrR 3.3(f)(2) when a continuance is "required in the administration of justice" and the "defendant will not be prejudiced" in the presentation of his defense. The reasons for the continuance must be on the record or in writing. CrR 3.3(f)(2).

Absent a showing of manifest abuse of discretion, we will not disturb a trial court's grant or denial of a continuance or extension request. *State v. Williams*, 104 Wn. App. 516, 520-21, 17 P.3d 648 (2001). A trial court abuses its discretion if it bases its decision on untenable grounds or for untenable reasons. *Williams*, 104 Wn. App. at 521. It is not a manifest abuse of discretion for a trial court to grant a continuance to allow defense counsel an opportunity to prepare for trial, even over the defendant's express objections, in order to ensure effective representation and a fair trial. *Williams*, 104 Wn. App. at 523. Similarly, CrR 3.3(e)(8) allows a trial court to extend the time of trial for "[u]navoidable or unforeseen circumstances." Our courts have consistently held that the unavailability of counsel may constitute an unforeseen or unavoidable circumstance, warranting a trial extension. *See State v. Carson*, 128 Wn.2d 805, 814, 912 P.2d 1016 (1996).

Here, the trial court granted 19 continuances of Randall's trial. None of the trial settings violated CrR 3.3's time limits. Even if they had, Randall did not move the trial court to set a trial date within the rule's time limits. "A party who objects to the date set upon the ground that it is not within the time limits prescribed by [CrR 3.3] must, within 10 days after the notice is . . . given, move that the court set a trial within those time limits." CrR 3.3(d)(3). "A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a

date is not within the time limits prescribed by this rule." CrR 3.3(d)(3); *See State v. Chavez-Romero*, 170 Wn. App. 568, 581, 285 P.3d 195 (2012), *review denied*, 176 Wn.2d 1023 (2013). Randall fails to establish that the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice." *Cook*, 114 Wn.2d at 812. Furthermore, the trial court granted the continuances for proper reasons. Therefore, Randall's claim fails.

Randall next asserts that his trial continuances violated his constitutional rights to a speedy trial. Because Randall fails to show either actual prejudice or that his trial delays were presumptively prejudicial, his claim fails.

The United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. The Washington Constitution provides, "In criminal prosecutions the accused shall have the right to . . . have a speedy public trial." WASH. CONST. art. I, § 22. "[T]he constitutional right to speedy trial attaches when a charge is filed or an arrest is made, whichever occurs earlier." *State v. Higley*, 78 Wn. App. 172, 184, 902 P.2d 659 (1995). The constitutional right is violated at the expiration of a reasonable time. *Higley*, 78 Wn. App. at 184-85.

To prevail on a claim of an alleged violation of the constitutional right to a speedy trial, Randall must establish actual prejudice from the delay, or that the delay was so lengthy that prejudice must be conclusively presumed. *State v. Ollivier*, 178 Wn.2d 813, 826, 312 P.3d 1 (2013). To trigger a speedy trial analysis, "'an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay because, by definition, the accused cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness.'" *Ollivier*, 178 Wn.2d at 827 (quoting *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S. Ct. 2686, 120 L.

Ed. 2d 520 (1992)) (internal quotations omitted). If the accused alleges that the delay is presumptively prejudicial, then the court will use the balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), to determine whether a constitutional speedy trial violation has occurred. *Ollivier*, 178 Wn.2d at 827.

Here, Randall makes no argument as to how the continuances prejudiced him. Furthermore, he fails to establish that his trial continuances were presumptively prejudicial. Many of the delays accommodated the defense. The record does not demonstrate that the State deliberately delayed the trial, and Randall presents no evidence of deliberate delay. Although a few of the continuances were due to court congestion, those only resulted in a delay totaling two days. Because Randall does not establish, and the record does not demonstrate, that the trial delays were not presumptively prejudicial, we need not use the *Barker* test to determine whether a speedy trial violation occurred. We reject Randall's speedy trial violation claims.

IX.     INEFFECTIVE ASSISTANCE OF COUNSEL

In a PRP, when the petitioner establishes that he received ineffective assistance of counsel, he has necessarily met his burden to show that a constitutional violation occurred, and that the violation caused actual and substantial prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012). We review claims of ineffective assistance of counsel de novo, using the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

Under the first prong, the petitioner must show that trial counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness based on all the circumstances. *McFarland*, 127 Wn.2d at 334-35. Our scrutiny of trial counsel's performance is highly deferential, employing a strong presumption of effective representation. *McFarland*, 127 Wn.2d

16

at 335. To rebut this presumption, the petitioner bears the burden of establishing the absence of any "'*conceivable* legitimate tactic explaining counsel's performance.'" *Grier*, 171 Wn.2d at 42 (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). That a "strategy ultimately proved unsuccessful is immaterial to an assessment of defense counsel's initial calculus; hindsight has no place in an ineffective assistance analysis." *Grier*, 171 Wn.2d at 43. For ineffective assistance of appellate counsel, a defendant must demonstrate the merits of issues counsel failed to argue or argued inadequately. *Lord*, 123 Wn.2d at 314.

Under the second prong, the petitioner must show that trial counsel's error caused him prejudice, by showing a reasonable probability that the outcome of the trial would have been different absent trial counsel's deficient performance. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

Failure on either prong of the test is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697. We reject Randall's ineffective assistance of counsel claims.

A.    Trial Counsel

Randall first argues that his trial counsel was ineffective because she did not re-interview the victims. But the record demonstrates that Randall's trial counsel, who was the fourth attorney assigned to his case, did move to re-interview the victims, but the trial court denied the motion. Randall fails to demonstrate that counsel's performance in bringing this motion was deficient or that she failed to perfect her argument. Therefore, Randall fails to demonstrate that his trial counsel's performance was deficient and we need not determine whether prejudice occurred.

B.    Appellate Counsel

Randall next argues that his appellate counsel was ineffective for failing to challenge the sufficiency of the sexual motivation findings related to the unlawful delivery to a minor

17

convictions. Appellate counsel did raise this argument in Randall's direct appeal, but this court rejected it. *See Randall*, 2013 WL 3963473, at \*6. In order to prevail on this claim, Randall must show the merits of the underlying legal issues his appellate counsel either failed to raise or raised improperly and then demonstrate actual prejudice. *See Lord*, 123 Wn.2d at 314. Randall's ineffective assistance of appellate counsel argument fails.

We deny Randall's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

P gen, J.