186 P.3d 1179 (2008)
STATE of Washington, Respondent,
v.
Michael Eugene PETERSON, Appellant.
No. 59722-1-I.
Court of Appeals of Washington, Division 1.
July 7, 2008.
*1180 Casey Grannis, Nielsen Broman & Koch, PLLC, Seattle, WA, for Appellant.
Michael Eugene Peterson, pro se.
Seth Aaron Fine, Attorney at Law, Snohomish Co. Pros. Office, Everett, WA, for Respondent.
APPELWICK, J.
¶ 1 Michael Peterson is required to register as a sex offender under RCW 9A.44.130. He had registered, but moved from the registered address and did not re-register for more than 30 days. The statute requires re-registration within 48 hours if the offender is homeless, 72 hours if the offender has a new fixed address, or 10 days if the offender had moved to an address outside the county. This section of the statute is merely definitionit does not establish the elements or alternative means of committing the crime of failure to register. Because the State's information was defective, we reverse without prejudice.

Facts
¶ 2 As a result of a 1988 conviction for third degree rape, Michael Peterson is required to register as a sex offender. Since his release from prison, he registered numerous times as either homeless or having an address. On September 12, 2005, Peterson registered as residing at an apartment in Everett. An Everett police detective conducted a routine verification of his registered address on November 2, 2005, but found nobody at home. The detective contacted the landlord, who informed her that Peterson had moved out four days before. Peterson did not register again until December 6, when he registered as homeless.
¶ 3 Peterson was charged with failure to register as a sex offender. The State could not determine Peterson's whereabouts during the weeks after he left the Everett address. "We don't really know where he was. He may have been homeless, he may have gone and lived at another fixed residence, we don't know. He just failed to report within 72 hours." As a result, Peterson was charged with a general violation of RCW 9A.44.130the State did not specify whether Peterson moved to a new fixed address or became homeless. The second amended information alleges that Peterson "having registered as residing at a fixed residence, did, on or about the week of November 2, 2005 to the week of November 22, 2005, cease to reside at that residence and did fail to provide written notice to the county sheriff's office within 72 hours after ceasing to reside there; proscribed by RCW 9A.44.130, a felony."
¶ 4 A jury found Peterson guilty of failure to register. The court sentenced him to 15 days confinement. He appeals.

*1181 Discussion

I. Defective Information
¶ 5 "[A] charging document is constitutionally adequate only if all essential elements of a crime, statutory and nonstatutory, are included in the document so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." State v. Vangerpen, 125 Wash.2d 782, 787, 888 P.2d 1177 (1995). The State properly concedes that the information is defective because it omits the essential element that the crime was committed "knowingly." An insufficient charging document requires reversal and dismissal of charges without prejudice. Id. at 792-93, 888 P.2d 1177.
¶ 6 We vacate the conviction and dismiss without prejudice.
¶ 7 Given this determination, the statutory issues raised by the parties are now moot. But, "we have the power to decide a moot case to resolve issues of `continuing and substantial public interest' if guidance would be helpful to public officers and the issue is likely to recur." In re Pers. Restraint of Dalluge, 162 Wash.2d 814, 819-20, 177 P.3d 675 (2008) (quoting Sorenson v. City of Bellingham, 80 Wash.2d 547, 558, 496 P.2d 512 (1972)). Because the arguments advanced by the parties are likely to be raised again if this case is retried, or likely to appear in similar cases, we consider them here.
II. The Crime of Failure to Register as a Sex Offender
¶ 8 A sex offender has a statutory duty to register with the sheriff of the county of residence. RCW 9A.44.130(1)(a). The offender must keep that registration current as to his/her whereabouts. The statute establishes different timelines for changing registration if the offender has a fixed address or is homeless. If residing at a fixed address, an offender who changes addresses within the same county must register with the county sheriff within 72 hours of moving. RCW 9A.44.130(5)(a). If moving to a different county, the offender must notify the sheriff of the new county 14 days before moving and the sheriff of the previous county of registration within ten days of the change of address. RCW 9A.44.130(5)(a). Anyone lacking a fixed residence "shall provide signed written notice to the sheriff of the county where he or she last registered within forty-eight hours excluding weekends and holidays after ceasing to have a fixed residence." RCW 9A.44.130(6)(a). Violation of these requirements leads to the charge of failure to register, a class C felony. RCW 9A.44.130(11)(a).
¶ 9 Peterson contends that the timelines and residential status are elements of the crime of failure to register, which the State must prove for conviction. He claims that the State failed to prove his residence status beyond a reasonable doubt. "[D]ue process requires the State to prove every element of the charged crime beyond a reasonable doubt." State v. Smith, 155 Wash.2d 496, 502, 120 P.3d 559 (2005). We will reverse a conviction for insufficient evidence only if no rational trier of fact could find that all the elements were proved beyond a reasonable doubt. State v. Hickman 135 Wash.2d 97, 103, 954 P.2d 900 (1998).
¶ 10 The State charged Peterson with a violation of the registration statute, RCW 9A.44.130. Peterson claims that we must determine which subsection of the statute is at issue, either the section pertaining to homeless offenders or those with fixed addresses. This implies that the subsections of RCW 9A.44.130 create alternative means to commit the crime of failure to register and have different elements, which the State must specifically charge and prove. Under Peterson's construction, the State can charge three alternatives: 1) failure to register a change of fixed address in the same county, which requires proof that the offender moved to a new residence, within the county, but did not register within 72 hours; 2) failure to register after a move to a fixed residence in a different county, requiring proof of a move to a fixed residence, in a different county, and failure to notify to the sheriff of the new county 14 days prior to move or the sheriff of the former county within 10 days; or 3) failure to register after becoming homeless, necessitating a showing of homelessness and no registration within 48 hours.
*1182 ¶ 11 Construing the subsections as alternative means of violating this statute creates the strange scenario presented in this case. The State has no evidence that Peterson moved to a fixed address, stayed in the county, moved out of the county, or was homeless during the lapse in his registration. Because the State cannot account for Peterson's whereabouts between the time he left his Everett apartment and registered as homeless, the State cannot prove any of the options. Since Peterson failed to register for more than 30 days, he clearly violated his duty to keep his registration current under all options in the statute. Yet, under Peterson's theory he could not be convicted of violating any one of them. No doubt the legislature did not intend such an absurd result. And, we will not construe statutes in a way that leads to unlikely, absured, or strained results. State v. Ammons, 136 Wash.2d 453, 457, 963 P.2d 812 (1998).
¶ 12 The statute imposes one duty: to register with the sheriff. RCW 9A.44.130. This section establishes the only punishable offense:
A person who knowingly fails to register with the county sheriff or notify the county sheriff, or who changes his or her name without notifying the county sheriff and the state patrol, as required by this section is guilty of a class C felony if the crime for which the individual was convicted was a felony sex offense. RCW 9A.44.130 (11)(a).
The definition of registration and procedure for registration are set forth in the remaining subsections. For example, the subsections of RCW 9A.44.130(3)(a) list the information required for registrationname, address, date and place of birth, place of employment, crime, date and place of conviction, aliases, social security number, photograph and fingerprints. Similarly, RCW 9A.44.130(3)(b) specifies the information required of a person who lacks a fixed address. RCW 9A.44.130(5)(a) defines the requirements for amending the registration after a change of address. RCW 9A.44.130(6)(a) defines the requirements for amending the registration for offenders who lack a fixed residence. These subsections merely articulate the definition of continuing compliance. They do not define the elements or create alternative means of committing the crime of failure to register as a sex offender. For a sex offender, like Peterson, there is only one means of committing a crimeknowingly failing to register as required by RCW 9A.44.130(1)(a). We reject Peterson's alternative means analysis.
¶ 13 We reverse Peterson's conviction without prejudice.
WE CONCUR: LEACH, J., and DWYER, A.C.J.