IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31137-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CORY LEE LANE, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Cory Lee Lane appeals his conviction for failing to register as a sex offender. He contends that both the information charging him with the offense and the jury instructions are constitutionally deficient because they did not include any of the statute's particular registration requirements, which are based upon the offender's residential status and other circumstances. Mr. Lane also appeals his sentence.

We affirm the conviction for failing to register as a sex offender. We remand for resentencing and the State conceded this remand is proper to correct the miscalculation in Mr. Lane's offender score.

## FACTS

Cory Lee Lane is required to register as a sex offender. In April 2011, Pend

Oreille County deputies were alerted that Mr. Lane appeared to be living in Pend Oreille

County. Mr. Lane failed to report this residence to the Pend Oreille County Sheriff's

Office.

The State filed an amended information charging Mr. Lane with failure to register

as a sex offender. At trial, the State presented evidence from multiple witnesses that Mr.

Lane was living with Roxanne Perry in Newport, Washington, in Pend Oreille County.

Mr. Lane testified that he lived and worked in Spokane and only occasionally visited Ms.

Perry at her Newport home. A jury found him guilty of failure to register as a sex

offender.

At sentencing, the court calculated Mr. Lane's offender score as a 9 and imposed a

low end standard range sentence of 90 months. He appeals.

## ANALYSIS

*Information—Essential Elements of Failure to Register as a Sex Offender.* Mr.

Lane contends, for the first time on appeal, that the information is constitutionally

inadequate because it did not include any of the particular registration requirements

designated in subsections of the sex registration statute. He contends these requirements,

which are based upon the offender's residential status and other circumstances, constitute essential elements of the offense and, therefore, should have been included in the information.

A charging document is constitutionally adequate if it sets forth the essential elements of the charged offense. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."); CONST. art. I, § 22 (amend. 10) ("In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him."); *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). "The purpose of this 'essential elements' rule is to give notice of the nature and cause of an accusation against the accused so that a defense can be prepared." *State v. Campbell*, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). The charging document need not use the exact words of the statute. *Kjorsvik*, 117 Wn.2d at 108. Rather, we evaluate whether "all the words used would reasonably apprise an accused of the elements of the crime charged." *Id.* at 109.

"A challenge to the sufficiency of a charging document is of constitutional magnitude and may be raised for the first time on appeal." *Campbell*, 125 Wn.2d at 801. However, where, as here, no challenge is raised in the trial court, we liberally construe the charging document in favor of validity on appeal. *Kjorsvik*, 117 Wn.2d at 105. In

3

liberally construing the charging document, we ask whether the elements of the offense

"appear in any form, or by fair construction can . . . be found, in the charging document."

*Id.* Where the essential elements are present in the charging document, we then

determine whether the defendant was nevertheless "actually prejudiced by the inartful

language which caused a lack of notice." *Id.* at 106.

The State charged Mr. Lane with failure to register as a sex offender under

RCW 9A.44.130, alleging:

> [O]n or about May 1, 2010 and June 16, 2011, in Pend Oreille County, State
> of Washington, the above-named Defendant having been convicted on or
> about the 17th day of January, 1992, of a sex offense that would be
> classified as a felony under the laws of Washington, to-wit: ATTEMPTED
> RAPE IN SPOKANE COUNTY, WASHINGTON, Cause No. 91-1-01549-
> 1, and being required to register pursuant to RCW 9A.44.130 on or about or
> between May 1, 2010 and June 16, 2011, did knowingly fail to register with
> the county sheriffs of Pend Oreille County.

Clerk's Papers (CP) at 136.

A person commits the crime of failure to register as a sex offender if he or she

"knowingly fails to comply with any of the requirements" of the sex offender registration

statute. Former RCW 9A.44.130(11)(a) (2006).[1] The applicable statute provides that any

---

[1] The current statute similarly provides that "[a] person commits the crime of
failure to register as a sex offender if the person has a duty to register under
RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the
requirements of RCW 9A.44.130." RCW 9A.44.132(1).

individual who "has been convicted of any sex offense . . . shall register with the county sheriff for the county of the person's residence." RCW 9A.44.130(1)(a). The statute establishes different timelines for changing registration based upon the sex offender's residential status and other circumstances. *State v. Peterson*, 145 Wn. App. 672, 676, 186 P.3d 1179 (2008); *aff'd*, 168 Wn.2d 763, 230 P.3d 588 (2010). For example, registration requirements vary depending upon whether the offender has a fixed address or is homeless. *Id.* (citing former RCW 9A.44.130(5)(a), (6)(a)).

Without specifying which particular subsection should have been alleged, Mr. Lane asserts that the information is constitutionally deficient because the particular timeline and residential status are elements of the crime of failure to register, which the State must prove for conviction.

His argument is without merit. The sex offender registration statute establishes one punishable offense and imposes only one duty: to register with the sheriff. *Peterson*, 168 Wn.2d at 768. "'A person who knowingly fails to register with the county sheriff or notify the county sheriff, or who changes his or her name without notifying the county sheriff and the state patrol, as required by this section is guilty of a class C felony if the crime for which the individual was convicted was a felony sex offense.'" *Peterson*, 145 Wn. App. at 677-78 (quoting former RCW 9A.44.130(11)(a)).

5

It is well settled that the various deadlines and procedures for registration set forth in the sex offender registration statute do not constitute essential elements of the offense of failure to register as a sex offender. *State v. Bennett*, 154 Wn. App. 202, 207, 224 P.3d 849 (2010) (quoting *Peterson*, 145 Wn. App. at 678). In affirming Division One's opinion in *Peterson* based on a different analysis, our Supreme Court held that residential status, which determines the deadline for registration, is not an element of the crime of failure to register. *Peterson*, 168 Wn.2d at 774. It explained, "a registrant's residential status informs the deadline by which he must register," but "it is possible to prove that a registrant failed to register within any applicable deadline without having to specify the registrant's particular residential status." *Id.* at 772.

Our analysis is further supported by the Washington Supreme Court's recent holding that constitutional requirements that merely define and limit the scope of an essential element of a crime do not themselves constitute essential elements that must be alleged in the charging document. *State v. Allen*, 176 Wn.2d 611, 294 P.3d 679 (2013). In *Allen*, the court held that the "true threat" concept is not an element of the offense of felony harassment, notwithstanding the fact that the State must prove that the threat constituted a "true threat" in order to obtain a conviction. *Id.* at 628-30. Similarly, statutes defining and limiting essential elements do not constitute essential elements.

6

*State v. Rattana Keo Phuong*, 174 Wn. App. 494, 299 P.3d 37 (2013). In *Phuong*, the court rejected a claim that the statutory definition of "restraint" is an essential element that must be alleged in the information.

Here, the information charging Mr. Lane with failure to register as a sex offender alleged that he knowingly failed to comply with the requirements of the sex offender registration statute. Because particular registration requirements under that statute are not elements of the offense, the information was constitutionally adequate.

Mr. Lane additionally argues that because the State charged him under a prior enactment of RCW 9A.44.130 that was amended in 2010, "he has been convicted of an offense that did not exist after June 9, 2010." Appellant's Br. at 12. Relying on *State v. Aho*, 137 Wn.2d 736, 975 P.2d 512 (1999), he argues that because the amended information encompassed the charging period of May 1, 2010, to June 16, 2011, "the State could only rely upon evidence that pre-dated June 10, 2010." Appellant's Reply Br. at 1.

*Aho* is inapposite here. In that case, a jury found the defendant guilty of a crime under a statute that did not take effect until approximately a year and one-half after the beginning of the charging period. A unanimous court reversed, stating, "Because the jury did not identify when the acts that it found constituted the offense occurred, it is possible

7

that [Mr.] Aho has been illegally convicted based upon an act or acts occurring before the effective date of the child molestation statute." *Id.* at 744.

Thus, in *Aho*, the due process violation occurred because Mr. Aho was charged with a crime that did not exist during part of the time the crime was alleged to have occurred. *Id.* at 742-43. That is not the case here. As noted above, the amended statute is substantially similar to the previous statute. The recodification of the statute in 2010 did not change the essential elements of the crime of failure to register. Contrary to Mr. Lane's assertion, the crime of failure to register as a sex offender still existed after June 9, 2010.

The information was constitutionally adequate.

*Jury Instructions.* Mr. Lane assigns error to several jury instructions, contending they do not correctly state the law for the relevant charging period because they reference a statute that was amended in June 2010. Although he does not indicate which elements are missing, he maintains that the instructions "omitted the essential elements of the offense of failure to register as a sex offender" and thereby "deprived him of a fair and impartial trial." Appellant's Br. at 11, 9.

The instructions at issue provide:

> A person commits the crime of failure to register as a sex offender if the person has a duty to register for a felony sex offense and knowingly fails to notify the county sheriff in writing in the new county of residence at least 14 days prior to moving to such county and fails to register with such county within 24 hours of moving to such county.

CP at 122, Instruction 11.

The "to convict" instruction stated:

> To convict the defendant of the crime of failure to register as a sex offender, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or between May 1, 2010 and June 16, 2011, the defendant has a duty to register as a sex offender;
>
> (2) That on or between May 1, 2010 and June 16, 2011, the defendant knowingly failed to comply with the requirement of sex offender registration;
>
>> (a) Failed to notify the Pend Oreille County Sheriff's Office in writing at least 14 days prior to moving his residence to the county; and
>>
>> (b) Failed to register with the Pend Oreille County Sheriff's Office within 24 hours of moving his residence to Pend Oreille county.
>
> (3) That the acts occurred in the State of Washington.

CP at 123, Instruction 12.

Instruction 15 defined "residence" as:

> [P]ersonal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, but not necessarily combined with design to stay permanently. "Residence" is also defined as a temporary or permanent dwelling place to which one intends to return, as distinguished from a place of temporary sojourn or transient visit.

CP at 126.

Mr. Lane did not object at trial to the jury instructions. A failure to object to jury instructions at trial usually constitutes waiver of any error, precluding review for the first time on appeal. RAP 2.5(a)(3). Generally, "[a]n appellate court may consider a claimed error in a jury instruction only if the appellant raised the specific issue by exception at trial." *Van Hout v. Celotex Corp.*, 121 Wn.2d 697, 702, 853 P.2d 908 (1993). A trial court must be apprised of the specific grounds for objection and given an opportunity to correct any mistakes in time to prevent an unnecessary retrial. If this does not occur, the appellate court cannot review the alleged error. *Ryan v. Westgard*, 12 Wn. App. 500, 510, 530 P.2d 687 (1975). This court, however, will reach an error not raised below where the error is manifest and affects a constitutional right. To establish that the error was manifest, a defendant must make a plausible showing that the error had a practical and identifiable consequence in the trial of his or her case. *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

Mr. Lane does not make a plausible showing of manifest error. Nevertheless, even if we address the merits, Mr. Lane's argument fails. A trial court properly instructs the jury where its instructions (1) permit the parties to argue their case theories; (2) do not mislead; and (3) when read as a whole, accurately inform the jury of the applicable law. *State v. Barnes*, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005). The instructions at issue conform to this standard.

First, the instructions allowed the parties to argue their theories of the case. The State's theory was that Mr. Lane failed to register in the county where he resided. Mr. Lane's theory was that that he did not fail to comply because he was already registered in the county of his residence, Spokane, and therefore was not required to register with Pend Oreille County.

Additionally, the instructions did not mislead the jury. As explained above, the essential elements of the offense of failure to register as a sex offender are the knowing failure to comply with the registration requirements set forth in the statute. The "to convict" instruction included these elements and provided the specific way in which Mr. Lane failed to register. Mr. Lane contends that the instructions were a misstatement of the law because the State referenced the wrong statute. This argument is without merit. While former RCW 9A.44.130 was recodified as RCW 9A.44.132, effective June 10,

11

2010, the essential elements of the crime of failure to register did not change. LAWS OF 2010, ch. 267, § 3. As noted above, the current statute similarly provides that a person commits the crime of failure to register as a sex offender if he has a duty to register and knowingly fails to comply with any of the requirements. RCW 9A.44.132(1).

Moreover, the jury was properly instructed regarding the definition of "residence" and that it must consider the instructions as a whole. When read as a whole, the instructions did not misstate the law. Accordingly, the instructions did not relieve the State of its burden to prove all the elements of the crime.

The instructions contained the essential elements of the offense of failure to register as a sex offender and, thus, were constitutionally adequate.

*Offender Score.* Mr. Lane also contends that his 1992 third degree assault conviction and 1994 attempt to elude convictions "wash out" under RCW 9.94A.525(2)(c), reducing his offender score from a 9 to 7. He also points out that the court incorrectly listed the 1992 third degree assault as an adult offense. The State concedes sentencing error and requests the matter be remanded for resentencing to prove Mr. Lane's convictions and offender score.

No. 31137-6-III
*State v. Lane*

RCW 9.94A.530(2) provides: "On remand for resentencing . . . the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented."

We affirm Mr. Lane's conviction and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____         _____
Korsmo, C.J.                             Fearing, J.

13