IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33298-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN E. MCCREA, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Warren McCrea, Jr. was convicted following a jury trial of

failure to register as a sex offender. For the first time on appeal, he points out that the

information charging him with the crime failed to notify him of the element of

knowledge, a manifest constitutional error that he argues requires reversal of the

conviction and dismissal of the charge without prejudice. While the State contends that a

fair reading of the information implies the knowledge element, we cannot agree. We

therefore dismiss the charge without prejudice to the right of the State to recharge and

retry the offense. We need not reach Mr. McCrea's second assignment of error to a jury

instruction, which he can raise in the trial court in the event of retrial.

FACTS AND PROCEDURAL BACKGROUND

In March 2015, Warren McCrea, Jr. was found guilty of the crime of failure to

register as a sex offender as provided by RCW 9A.44.132. That statute provides that a

person commits the crime if he or she "has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." RCW 9A.44.132(1). The jury also returned a special verdict finding that Mr. McCrea had previously been convicted at least twice of the same crime. In that event, the failure to register is elevated from a class C to a class B felony. RCW 9A.44.132(1)(b).

Mr. McCrea had been charged with the crime by an original information filed in October 2014 and an amended information filed the day before trial was scheduled to commence. The original information charged him with one count of failure to register as a sex offender after having ceased to reside at a fixed residence on or about August 20, 2014. The amended information corrected his name and enlarged the time period of the violation to between May 20, 2014, and November 24, 2014.

Mr. McCrea appeals, complaining of a deficient information and an allegedly erroneous jury instruction. His challenge to the State's charging documents proves dispositive.

## ANALYSIS

A person charged with a crime has the constitutional right to know "the nature and cause of the accusation" made against him or her. WASH. CONST. art. 1, § 22; U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation."). The charging document must include every

2

essential element of the crime in order to give the defendant notice of the charge and the opportunity to prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). "An insufficient charging document requires reversal and dismissal of charges without prejudice." *State v. Peterson*, 145 Wn. App. 672, 675, 186 P.3d 1179 (2008), *aff'd*, 168 Wn.2d 763, 230 P.3d 588 (2010).

The State's amended information filed on the eve of trial was similar to the original information in respects relevant to Mr. McCrea's challenge on appeal. It reads:

> **RCW 9A.44.130(4) and RCW 9A.44.132 ~ Failure to Register as a Sex Offender (Failure to Notify of Move) – Felony**
>
> On or about the 20th day of August, 2014, in the County of Okanogan, State of Washington, the above-named Defendant having been convicted on or about the 4th day of May, 2005, of a sex offense or kidnapping offense that would be classified as a felony under the laws of Washington, to-wit: two counts of Rape of a Child in the first degree . . . being required to register pursuant to RCW 9A.44.130, and having registered as residing at a fixed residence, did, on or between the 20th day of May, 2014, and November 24, 2014, cease to reside at that residence and did fail to provide written notice to the county sheriff within 72 hours of moving to a new fixed residence within the same county, or within 48 hours after ceasing to have a fixed residence, or within 10 days after moving to a new fixed residence in a new county; contrary to Revised Code of Washington 9A.44.130(5) and (6).

Clerk's Papers (CP) at 38-39. Mr. McCrea contends that the essential element that he "knowingly fail[ed] to comply" with a requirement of RCW 9A.44.130 is absent.

"A challenge to the sufficiency of a charging document is of constitutional magnitude, and may be raised for the first time on appeal." *State v. Campbell*, 125

3

Wn.2d 797, 801, 888 P.2d 1185 (1995). But where, as here, the defendant failed to raise the challenge in the trial court, we liberally construe the charging document in favor of validity. *Kjorsvik*, 117 Wn.2d at 105. This liberal construction asks whether "[1] the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused [the] lack of notice?" *Id.* at 105-06. The focus of the first prong is on whether, under a liberal construction, "all the words used would reasonably apprise an accused of the elements of the crime charged." *Id.* at 109. The exact words of the statute are not required. *Id.* at 108.

Under RCW 9A.44.132(1), "[a] person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." Therefore, knowingly failing to comply is an element of the crime that must be contained in the charging document. *See Peterson*, 145 Wn. App. at 675.

The State concedes the word "knowingly" does not appear in the information. Br. of Resp't at 3. Indeed, the language contained in the amended information is nearly identical to the language of the charging document that Division One of this court held constitutionally insufficient in *Peterson*. There, the information alleged the defendant,

> having registered as residing at a fixed residence, did, on or about the week
> of November 2, 2005 to the week of November 22, 2005, cease to reside at
> that residence and did fail to provide written notice to the county sheriff's

4

office within 72 hours after ceasing to reside there; proscribed by RCW 9A.44.130, a felony.

145 Wn. App. at 675.

The State wisely refrains from contending that reference to RCW 9A.44.132 is sufficient to provide notice. "[M]ere reference to a statute does not sufficiently allege the essential elements," *State v. Brown*, 169 Wn.2d 195, 198, 234 P.3d 212 (2010), because "[c]riminal defendants should not 'have the burden of locating the relevant code . . . and determining the elements of the offense from the proper code section.'" *State v. George*, 146 Wn. App. 906, 917, 193 P.3d 693 (2008) (alteration in original) (quoting *City of Auburn v. Brooke*, 119 Wn.2d 623, 635, 836 P.2d 212 (1992)); *see also Kjorsvik*, 117 Wn.2d at 101.

It argues instead that the term "knowingly" can be inferred from the language of the information, which it characterizes as "detailed with facts" that should lead us to conclude that the term is present. Br. of Resp't at 3. It does not identify the facts included that it contends imply a requirement of knowing failure to comply with RCW 9A.44.130. We find none that do.

The State argues that Mr. McCrea was not prejudiced because he had prior convictions for the same crime and clearly knew what was required of him. But because the information omitted the element of knowledge, prejudice need not be considered.

5

No. 33298-5-III
*State v. McCrea*

*Brown*, 169 Wn.2d at 198. The conviction must be reversed and the charge dismissed without prejudice. *Peterson*, 145 Wn. App. at 675.

We reverse the conviction and direct the trial court to dismiss the charge without prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

6