**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

THE STATE OF WASHINGTON,  )  No. 83307-3-I
             )
     Respondent,  )
             )  DIVISION ONE
     v.      )
             )
JERRY SWAGERTY,    )
             )  UNPUBLISHED OPINION
     Appellant.   )
_____)

MANN, C.J. — Jerry Swagerty appeals his judgment and sentence for one count failure to register as a sex offender and one count of resisting arrest. Swagerty argues (1) that the information is defective because it omits the essential element that he "knowingly" failed to register as a sex offender, (2) that he was not informed of all the essential elements of failing to register as a sex offender, and (3) that the court erred in granting his waiver of counsel. The State concedes that the conviction for failure to register should be vacated due to the missing element of knowledge in the information. We agree and remand to the trial court to dismiss count 1 for failure to register as a sex offender without prejudice. We affirm on all other grounds.

Citations and pin cites are based on the Westlaw online version of the cited material.

<u>FACTS</u>

The State charged Swagerty for failure to register as a sex offender alleging that he failed to register between April 12, 2020, and June 18, 2020. On June 18, 2020, the State also charged Swagerty with resisting arrest.

On June 19, 2020, Swagerty had his first court appearance and agreed to the appointment of a public defender. The State reduced Swagerty's bail from $10,000 to $2,500. Swagerty was displeased with the bail amount due to his homelessness and indigency. He made several demands to the trial court:

> I want witness protection now. I'm asking for whistle blowing protection right now . . . I don't—I'm asking for whistle blowing protection assistance now. The FBI now, I'm—now, order it now . . . order whistle blowing protection now. I'm directing you to order whistle blowing protection now. I mean it, or you're going to be up for fucking charges. This is it. I have done everything, I've shown up for court, I've—I've registered every time. They shut registration down, I came over here for protection.

Swagerty continued yelling about the FBI, loving the police, Fox News, and whistle blower protection. In response, the court excused Swagerty from the hearing.

On June 26, 2020, Swagerty appeared in court again and demanded his right to represent himself. The court declined to hear the motion at that time. Swagerty began speaking over the court, asserting his right to proceed pro se. The court muted Swagerty and heard defense counsel's motion for a competency evaluation. Defense counsel explained he had concerns with Swagerty's ability to "knowingly and intelligently" participate in his case. The court granted defense counsel's request.

In July 2020, Psychologist and Forensic Evaluator Dr. Amy Sellers found Swagerty competent to stand trial. On July 10, the court convened to address Swagerty's competency. Because neither party had received a copy of the evaluation

results, the hearing was postponed. Swagerty again objected and insisted on his right to represent himself. The court declined to engage in Swagerty's request until the issue of competency was resolved. On July 17, the court allowed Swagerty to argue his motion for self-representation. Swagerty gave the following hypothetical:

> Underage girl calls police saying 27 year old man sexually raped and molested her. 27 year old man claims girl lied about her age on Facebook, he never did anything to her, and that all hearsay evidence is frivolous. 27 year old man is booked into jail and threatened with indeterminate sentence because he has a similar charge at 13 years of age.
>
> First, I'd immediately file a motion to suppress witness testimony on the grounds of perjury under RCW 9.27.090 and RCW 9A.28.020(1) and RCW 9.38.060(2), for taking a significant step of lying about her age and posting on Facebook.
>
> Hearsay evidence is moot an[d] irrelevant on its face.
>
> Number two, then I would file a motion to terminate Bar association of defense lawyer for not correctly calculating and advising defendant of true penalty offender score because prior conviction at 13 years of age cannot be used to convict defendant of persistent offender sentence.
>
>     . . . .
> Then I would move to have deputy prosecutor and judge removed from the practice—removed from practice in Washington State because this case has been on the calendar for ten consecutive months while the defendant gets put off and put off again when it only took me 30 minutes total to look up all these laws and crush this court with a single motion. That's for the record.

After Swagerty's presentation, the court raised the competency evaluation performed by Dr. Sellers. Dr. Sellers diagnosed Swagerty with Bipolar I Disorder, "current episode manic, with psychotic features," a history of unspecified personality disorder, and polysubstance use disorder. Dr. Sellers concluded, despite evident symptoms of mental illness, Swagerty had the capacity to understand the proceedings and assist in his own defense with a reasonable degree of rational understanding. Dr.

Sellers confirmed Swagerty was still able to "effectively articulate his argument regarding his right to represent himself."  She also noted Swagerty's difficulty working with his attorney was more likely attributable to his specific personality features rather than his bipolar symptoms.  Swagerty's attorney raised concerns with the results of the evaluation and objected to the finding of competency.  Swagerty's attorney requested an independent evaluation.  Swagerty claimed that his attorney was fired, that his attorney coordinated with Jay Inslee, and that he had whistle blower claims against Jay Inslee.  The court set the matter over a week at defense counsel's request.

On July 24, the court engaged Swagerty in a lengthy colloquy regarding his request to represent himself.  The court began the colloquy by discussing Swagerty's education.  Swagerty claimed he had 14½ years of schooling, including 2 years of community college in prison.  Swagerty replied that he studied law while in prison.  The court continued by asking if Swagerty ever represented himself in a criminal action.  Swagerty claimed he successfully filed a petition and reduced his 30-year sentence to 5 years.  He also claimed to have aided people with cases in prison, including aiding a veterans group.

The court next asked whether Swagerty understood the charges against him.  Swagerty claimed he understood that failure to register as a sex offender is a class C felony and that resisting arrest is a misdemeanor.  He also claimed to understand the penalties associated with each charge.  Swagerty also stated he understood the possible fines, costs, postrelease restrictions, standard sentencing ranges for the felony, his criminal history, and that he was not familiar with sentencing guidelines for first time failure to register.  Swagerty also stated he understood he would be held to the

same standards as a lawyer, discussed his knowledge of Washington rules, and stated he understood he could not claim ineffective assistance of counsel for reversal.

Finally, the court asked Swagerty his reasons for wanting to proceed pro se. Swagerty claimed his attorney did not present facts he found vital, disagreement regarding trial strategy, and general unhelpfulness. Swagerty stated he believed he was able to bring the case to trial successfully. The court explained to Swagerty that the court had discretion to withdraw his waiver, that he would not get extensions in the trial, and that he would be far better defended by a trained attorney. The court asked Swagerty again whether it was still his desire to represent himself. Swagerty replied, "Yes, sir, it is. I do not want the public defender's office, anybody in that office representing me at all." Swagerty confirmed the decision was entirely voluntary. The court found that Swagerty knowingly and voluntarily waived his right to counsel and approved Swagerty's decision to represent himself.

The trial court next addressed Swagerty's former counsel's request to obtain an independent competency evaluation. Swagerty stated the first evaluation was sufficient and that he was not seeking a second evaluation. The trial court agreed that Swagerty was competent.[1]

On August 26, 2020, Swagerty, assisted by the public defender's office, entered his plea of guilty. Swagerty affirmed there were no threats or inducements and that he understood the ramifications of the plea. Swagerty pleaded guilty to failure to register as a sex offender and resisting arrest.

---

[1] The competency order was not signed until August 5, 2020, because neither party had an order available at the July 24th hearing.

Swagerty appeals.[2]

ANALYSIS

A. Failure to Register as a Sex Offender

Count 1 of the information, failure to register as a sex offender, did not include the essential element of knowledge. A charging document is constitutionally defective when it fails to include all the "essential elements" of the crime. State v. Vangerpen, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). The State concedes the conviction should be vacated and the charge should be dismissed without prejudice. State v. Peterson, 145 Wn. App. 672, 675, 186 P.3d 1179 (2008), aff'd, 168 Wn.2d 763, 230 P.3d 588 (2010). We agree and vacate count 1, failure to register as a sex offender, without prejudice.

B. Competency to Proceed Pro Se

Swagerty argues that the trial court violated his right to due process by failing to consider whether his mental illness left him incompetent to proceed pro se. We disagree.

"The state and federal constitutions guarantee a criminal defendant both the right to counsel and the right to self-representation." State v. Modica, 136 Wn. App. 434, 440-41, 149 P.3d 446 (2006); U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22. We review a trial court's decision to accept a defendant's waiver of his right to counsel and decision to proceed pro se for abuse of discretion. In re Pers. Restraint of Rhome, 172 Wn.2d 654, 667-68, 260 P.3d 874 (2011). A court abuses its discretion when an

---

[2] Acting pro se, Swagerty filed a notice of direct appeal pursuant to RAP 4.2. Swagerty was then appointed counsel and counsel successfully filed a statement regarding grounds for direct review transferring the matter to the Court of Appeals.

"order is manifestly unreasonable or based on untenable grounds." Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). A decision is made on untenable grounds if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). "The burden of proof is on the defendant asserting that his right to counsel was not competently and intelligently waived." State v. Hahn, 106 Wn.2d 885, 901, 726 P.2d 25 (1986) (citing Wilken v. Squier, 50 Wn.2d 58, 61, 309 P.2d 746 (1957)).

The trial judge's waiver determination is an ad hoc decision that rests on the defendant's conduct, background, and experience. Rhome, 172 Wn.2d at 667-68. However, the trial court may not consider the defendant's skill and judgment. Rhome, 172 Wn.2d at 667-68. In determining whether to grant a defendant's request to proceed pro se, the court engages in a two-step analysis. State v. Curry, 191 Wn.2d 475, 486, 423 P.3d 179 (2018). First, the court decides if the request is timely and unequivocal, and second, the court determines whether the request is voluntary, knowing, and intelligent. Curry, 191 Wn.2d at 486; Rhome, 172 Wn.2d at 667. The trial court may limit the right to self-representation on the ground that the defendant lacks the mental capacity to conduct his trial defense. Rhome, 172 Wn.2d at 660.

    1. Unequivocal and Timely Request

Swagerty's request to forgo counsel and proceed pro se was unequivocal and timely. Swagerty's first request to proceed pro se occurred a week after his first appearance on June 26, 2020. The court denied the request to await a competency evaluation. Swagerty made the next request to proceed pro se on July 10, 2020. The

court again declined to address the request because the parties had not received the evaluation results. On July 17, 2020, Swagerty again requested to proceed pro se and the court allowed him to argue his motion for self-representation. On July 24, 2020, the court explained it reviewed the competency evaluation and considered Swagerty's request. The court then engaged in a lengthy colloquy with Swagerty regarding his request. After the discussion, Swagerty reaffirmed his desire to represent himself. Once a trial court holds a defendant competent, any subsequent unequivocal requests for self-representation would be timely. State v. Coley, 180 Wn.2d 543, 561, 326 P.3d 702 (2014). The request is timely because the court deemed Swagerty competent at the same July 24, 2020, hearing he reaffirmed his desire to self represent.

Additionally, Swagerty argues his motivations to proceed pro se were frustration with his attorney and delusional suspicions counsel was working with Jay Inslee. However, when engaging with the court, Swagerty expressed a belief his counsel was insufficient due to lack of emphasizing Swagerty's past history of successful registration as a sex offender. "[W]hen a defendant makes a clear and knowing request to proceed pro se, such a request is not rendered equivocal by the fact that the defendant is motivated by something other than a singular desire to conduct his or her own defense." Modica, 136 Wn. App. at 442 (citing State v. DeWeese, 117 Wn.2d 369, 378-79, 816 P.2d 1 (1991)). Here, Swagerty clearly expressed his desire to proceed pro se four times, thus, regardless of multiple motivations, Swagerty's request was unequivocal.

2. Voluntary, Knowing, and Intelligent

Swagerty now argues his request to proceed pro se was not made knowingly, voluntarily, and intelligently because he was mentally ill. We disagree.

A thorough colloquy on the record is the preferred method of ensuring an intelligent waiver of the right to counsel. City of Bellevue v. Acrey, 103 Wn.2d 203, 209-11, 691 P.2d 957 (1984). The colloquy should include discussion of the seriousness of the charge, possible maximum penalty, and existence of technical procedural rules governing the presentation of the accused's defense. Modica, 136 Wn. App. at 441. Other nonexhaustive factors to consider include education, experience with the justice system, mental health, and competency. State v. Burns, 193 Wn.2d 190, 203, 438 P.3d 1183 (2019). Additionally, even when the defendant was found competent to stand trial, the trial court may consider a defendant's mental health history and status when deciding if the waiver was knowing and intelligent. State v. Kolocotronis, 73 Wn.2d 92, 99, 436 P.2d 774 (1968). While courts must indulge every reasonable presumption against waiver of counsel, a court may only deny the request if it is "equivocal, untimely, involuntary, or made without a general understanding of the consequences." Burns, 193 Wn.2d at 202-03.

Here, the trial court engaged Swagerty in a lengthy colloquy regarding his waiver to proceed pro se. The court articulated that it carefully examined the competency evaluation completed by Dr. Sellers. Then, the court discussed with Swagerty his education, study of law, prior self-representation, the classification of charges, and penalties. The court then articulated the rules of evidence and criminal procedure at play, and directly advised Swagerty against self-representation. At the end of the colloquy, the court again asked Swagerty to reaffirm his desire to waive counsel, and he confirmed that the waiver was made freely and voluntarily.

The trial court was careful in exercising its discretion in allowing Swagerty to proceed pro se. The court reviewed the competency evaluation and engaged Swagerty in a comprehensive, responsive, discussion regarding his understanding and abilities as well as the involvement and risks of self representation. Swagerty's responses articulated to the court that his waiver was made voluntarily, knowingly, and intelligently. Burns, 193 Wn.2d at 202-03.

3. Independent Competency Evaluation to Proceed Pro Se

Swagerty argues that constitutional due process requires the trial court to address his mental illness in determining his waiver of counsel. We disagree.

In Rhome, the court analyzed a competent but mentally ill defendant's wish to represent himself. Rhome, 172 Wn.2d at 654. There, a defendant with a history of mental illness found competent to stand trial was permitted to waive his right to counsel. Rhome, 172 Wn.2d at 657. The trial court's colloquy did not directly address Rhome's mental health issues. The court analyzed Kolocotronis, Hahn, and Edwards[3] together:

> Read together, these three cases stand for the proposition that a defendant's mental health status is but one factor a trial court may consider in determining whether a defendant has knowingly and intelligently waived his right to counsel, but they do not require us to find that an independent determination of competency for self-representation is a constitutional mandate.

Rhome, 172 Wn.2d at 665. The court did say, however, that constitutional due process might require "a more stringent waiver of counsel for a defendant whose competency is questioned." Rhome, 172 Wn.2d at 665. The Rhome court did not decide the issue

---

[3] Indiana v. Edwards, 554 U.S. 164, 128 S. Ct. 2379, 171 L. Ed. 2d 345 (2008).

due to limitations on declaring new rules of criminal procedure in collateral proceedings such as personal restraint petitions. Rhome, 172 Wn.2d at 665-66.

Even though the Rhome court pondered a more stringent analysis, it is dicta. We decline to create a new constitutional rule requiring the trial court to consider mental illness in determining a defendant's waiver of counsel. Rather, mental illness is one of many factors the trial court may consider in determining whether a defendant's waiver is knowing and intelligent. Rhome, 172 Wn.2d at 665. Additionally, the trial court here did give consideration to Swagerty's competency evaluation and Dr. Seller's diagnosis.[4] The trial court followed the appropriate case law and carefully exercised its discretion; therefore, it did not abuse its discretion in accepting Swagerty's knowing, voluntary, and intelligent wavier of counsel.

C. Competency When Entering Plea

Swagerty argues that the trial court was required to reconsider his mental health issues before accepting his plea of guilty. We disagree.

A defendant must be competent to enter a valid guilty plea. RCW 10.77.050. "Due process requires an affirmative showing that a defendant entered a guilty plea intelligently and voluntarily." State v. Ross, 129 Wn.2d 279, 284, 916 P.2d 405 (1996). The level of competency required to stand trial and to plead guilty are the same.

---

[4] Swagerty argues that this court should apply the Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) test to examine the procedural safeguards Swagerty is afforded under due process. Under the Mathews test, a court determines the procedural safeguards to which an individual is entitled by balancing "(1) the significance of the private interest to be protected; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the fiscal and administrative burdens that the additional procedural safeguards would entail." State v. Maule, 112 Wn. App. 887, 893, 51 P.3d 811 (2002). However, the United States Supreme Court declined to apply Mathews in certain criminal contexts. Medina v. California, 505 U.S. 437, 443, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992). RCW 10.77.060(1)(a) governs competency to proceed to trial. No Washington statute or case law requires courts to engage in an independent competency analysis in considering a defendant's request to self-represent.

<u>Godinez v. Moran</u>, 509 U.S. 389, 402, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993). After the trial court finds a defendant competent to stand trial, the court need not revisit the issue unless new information shows a change in the defendant's condition. <u>State v. Ortiz</u>, 119 Wn.2d 294, 301, 831 P.2d 1060 (1992).

Here, we rejected Swagerty's argument that the court needed to engage in an independent competency evaluation to find Swagerty competent to proceed pro se in addition to finding he was competent to stand trial. Thus, that heightened standard does not apply to his guilty plea. The trial court found Swagerty competent to stand trial on July 24, 2020. Swagerty did not engage in any outbursts past the July 17 hearing. Rather, Swagerty apologized to the court, explained his circumstances, and agreed to wear a monitoring device. Swagerty fails to demonstrate a change in mental posture or circumstance that would require the court to engage in a reconsideration of Swagerty's competency prior to entering his guilty plea.

We remand to the trial court to dismiss count 1 for failure to register as a sex offender without prejudice. We affirm on all other grounds.

_Mann, C.J._____

WE CONCUR:

_Coburn, J._____          _Hazelrigg, J._____